## DUKE *vs.* CULPEPPER.

1. A substantial compliance with the method pointed out for foreclosing a chattel mortgage, is essential to a judgment of foreclosure.
(*a.*) Where a chattel mortgage was given by C., trustee for E. C., and and the affidavit to forclose it alleged that E. C. was indebted, etc., C. being her agent, and credit having been given to the principal, such foreclosure was insufficient, and was properly dismissed.
(*b.*) Nor could this foreclosure be amended by alleging that the note was for the purchase money of the mortgaged property due by E. C.; that she promised to give her note and execute a mortgage to secure the same, having C. sign for her; but instead C. signed his own name, as trustee for her; that C. never was her trustee, and that the intention of all parties was to bind E. C. and the property.
(*c.*) Whether there is not a remedy in equity. *Quære?*

March 4, 1884.

Mortgage.    Pleadings.    Amendment.    Before   Judge
FORT.  Macon Superior Court.   November Term, 1883.

Reported in the decision.

W. H. FISH, by brief, for plaintiff in error.

J. W. HAYGOOD ;  W. A. HAWKINS, for  defendant.

HALL, Justice.

J. W. Culpepper  signed a note payable to the plaintiff,
and added to his signature the words, "trustee for Elizabeth
Culpepper."   At the same time  he executed a mortgage
for the security of this said note upon certain personal
property, which it is admitted belonged to her, describing
himself therein as J. W. Culpepper, " trustee for Elizabeth
Culpepper," and  adding  to his  signature  of  the same,
" trustee," etc.   An attempt was made to foreclose this
mortgage against Elizabeth, and the affidavit of foreclosure
set forth that she was indebted on said mortgage a given
amount, then due, and further, that J. W. Culppeper, who
signed the note  which  the  mortgage was given to secure,
was acting in the execution of the  note and mortgage as
her agent, and that the plaintiff, in taking the same, gave
credit to her as principal of said  agent, and looked to her
for the payment of the indebtedness.    Execution was
issued upon this alleged foreclosure, and levied upon the
property described in the mortgage.   The defendant ar-
rested this levy by a counter-affidavit, in which she denied
that she ever signed the note and mortgage, or that the
same were ever signed by any one authorized by her to
execute them, or that the property which purported to be
thereby conveyed was subject to the execution issuing
upon the foreclosure, or that the same was even incum-
bered by the mortgage.

The issue thus made coming on for a hearing, a motion
was made by defendant to dismiss the proceeding, when

plaintiff's counsel proposed to amend the affidavit of fore-closure by adding thereto, that plaintiff sold the mortgaged property to defendant for the sum mentioned in the note; that he delivered the same to her, and that she promised to give her note for the purchase money, and to execute a mortgage on the property so purchased to secure the pay-ment of the note,—that she would have J. W. Culpepper, her husband, to sign them for her; but he, instead of sign-ing her name thereto, signed his own as trustee for her; that he was never her trustee; that all parties, including J. W. Culpepper, intended to bind her and the property by this arrangement; and that it was especially her intention to be bound thereby, as if her name had been signed by her husband to said paper as her trustee.

This amendment when offered was rejected, and the defendant's motion to dismiss the proceeding was granted, and these are the errors assigned to the ruling and judg-ment of the court.

1. It is contended by the counsel for the plaintiff in error that this mode of foreclosing a mortgage is a substi-tute for a bill in equity for that purpose, and that there-fore as great a latitude, both of averment and amendment, should be allowed in the one proceeding as in the other.

*Rawlings vs. Robson*, 70 *Ga.*, 595, is cited to show that where a husband signed a note with his own name, and added thereto, "agent for wife," this addition indicated that the debt was hers, and that he was her agent; that a fail-ure upon her part to plead *non ost factum* might be con-strued into an implied admission of his authority to act for her. Parol testimony was admissible in that case to show who she was, and in a suit at common law, containing proper averments, her liability for the debt might be shown. and judgment might be rendered against her, if he had authority to bind her. It is also true that the form in which the agent acts is immaterial; if he discloses his principal, and he professes to act for him, if within his authority, the act will be that of the principal. *Ib.;* Code, §2195.

But this is widely different from the case at bar. Here the proceeding is not at common law. It is under the statute regulating the foreclosure of mortgages of personalty (Code, §3971), and a substantial compliance with its requirements is essential to the judgment. It evidently applies only to the parties making the mortgage, or between the mortgagor and the mortgagee, or his assignee, in writing. Code, §§1972, 1996. This mortgage had necessarily to be in writing, and to be duly executed by the party to be bound thereby, or some one lawfully authorized. Code, §1955. A verbal mortgage would not be valid. The act creating the agency must be executed with the same formality as the law prescribes for the execution of the act for which the agency is created. Code, §2182. If a party is to execute a mortgage by an agent, it follows from this that the agent's authority must be in writing. But the party, in this instance, did not claim to act as agent but as trustee, and a trustee cannot create a lien upon the property of his *cestui que trust.* Code, §2335. It is true that the proceeding resorted to in this case is, in some measure, a substitute for a bill in equity, and that a defendant may rely upon any fact or principle of law which would entitle him to relief in a court of equity. 30 *Ga.*, 413; Code, §3975.

2. While holding that there was no error in quashing this foreclosure and rejecting this amendment, we do not intend to intimate that the plaintiff is without remedy. Perhaps he may go into equity, and there insist upon a specific execution of his contract, including the lien for which he asserts he stipulated; and if he succeeds in getting a decree for this, he may go further and foreclose it, especially since the act of 1880, Code, §3979 (a); and if there is danger of removing or abusing the property agreed to be mortgaged, the same tribunal may furnish a remedy for its protection and preservation. This much is said by way of suggestion.. Nothing is decided upon the questions that may arise.

Judgment affirmed.