## STEWART vs. JAQUES.

[Jackson, C. J., did not preside in this case, on account of providential cause.]

A mortgage which described the property included therein as, "one bay mare, two mare mules, one horse mule," did not sufficiently specify the property, so as to put one who *bona fide* purchased from the mortgagor one black horse mule nine years old, and one black mare mule four years old, on notice, by its record, that the mules mortgaged were the same as those purchased, especially where the mortgagor had several places on which he had mules.

January 25, 1887.

Mortgages. Before Judge HARRIS. City Court of Macon. March Term, 1886.

J. S. Stewart brought an action of trover in the statutory form against S. R. Jaques to recover one black horse mule, about nine years old, named Punch, and one black mare mule, about five years old, named Lizzie. On the trial, the evidence showed that on March 11, 1884, R. A. Gordon made a mortgage to Jaques & Johnson on certain property, including " one bay mare, two mare mules, one horse mule." This was recorded March 31, 1884. On December 4, 1884, Gordon, being indebted to Stewart, gave him a written conveyance of certain property, including " one black horse mule, about nine years old, named Punch, one black mare mule, about five years old, named Lizzie." On the same day, Gordon executed a paper to Stewart, stating that he had hired the two mules from Stewart, and agreeing to return them in good order on December 14, 1884.

Jaques testified that he did not see the property when the mortgage was executed, but it was written from a memorandum furnished by Gordon; that about a month after it was made, Gordon offered to deliver the two mules to him in payment of the debt, to which he answered that he did not want the mules, and Gordon might keep possession of them ; and that Gordon paid him about $20 hire for them ; but that, in October, 1885, Gordon, having failed

to pay the note, delivered up the mules in payment of the debt.

Gordon testified to substantially the same state of facts, except that he did not recount the first offer to deliver the mules.   Both identified the mules in suit as those on which the mortgage was made, and Gordon stated that Stewart knew that Jaques & Johnson had such mortgage.

Stewart testified that the mules were at his warehouse when he took the bill of sale to them, and that he hired them to Gordon, as shown by the written agreement between them; that Gordon used them on his plantation afterwards; and that in October, 1885, Stewart found that they were in possession of Jaques, who refused to deliver possession of them.   Notice of Jaques's mortgage was denied.

The jury found for the defendant.   The plaintiff moved for a new trial on the following grounds:

(1)–(4).  Because the verdict was contrary to law, evidence, justice and equity.

(5.)  Because the court erred in admitting in evidence the mortgage of Gordon to Jaques & Johnson, over objection, upon the grounds that Stewart was a third party and an innocent purchaser; that the mortgage was tendered for the sole purpose of showing constructive notice, by its record, to Stewart, and it was not claimed that Stewart had any actual notice extraneous of the record; and because the description in the mortgage did not so far specify the property as to put Stewart on notice of its lien at the time he took the bill of sale from Gordon.

(6.)  Because the court permitted Jaques and Gordon to testify to the identity of the mules described in the mortgage with those delivered by Gordon to Jaques in October, 1885.

(7.)  Because the court refused to charge the jury as follows: " The construction and legal effect of written instruments are for the court, and the court charges you that the description of the mules in the mortgage of

Jaques does not sufficiently specify the property to put a third party on notice that it was mortgaged, and unless you believe that Stewart had actual notice of Jaques's mortgage, you would be authorized to find for the plaintiff."

(8.) Because the court gave in charge to the jury the following: "The jury may look to the date of the mortgage and bill of sale, and if they believe from the testimony that Gordon, at any time after the existence of the mortgage, transferred the property mortgaged to Jaques in satisfaction of his debt, then the title of Jaques in said mules would be good."

(9.) Because the court charged as follows: "The language of the code is, that in a mortgage the property shall be specified, but the law goes no further; the code goes no further than to say it shall be specified."

(10.) Because the court charged as follows: "I charge you that if property is specified, for instance as a bay horse and a bay mule, that is sufficient for a good mortgage, especially between parties, and it is sufficient to put any party taking a subsequent title on notice, if the mortgage is recorded."

(11.) Because the court charged as follows: "I charge you that there is no limit, that there is nothing definite, that has been required by the language of the code, to determine how far property shall be specified. It is a question for you to determine. If you find that the mortgage has been recorded, as claimed, then you are to determine if that description, or that specification, is sufficient to put any party upon notice—if it is sufficient to put a party upon inquiry."

(12.) Because the court charged as follows: "If the plaintiff, Mr. Stewart, found that this mortgage was recorded, and the property was sufficiently specified, it was constructive notice to him, at least to put him upon inquiry as to whether the property had been previously sold or disposed of."

The motion was overruled, and the plaintiff excepted.

HILL & HARRIS, for plaintiff in error.

No appearance for defendant.

BLANDFORD, Justice.

The question here is, whether a mortgage, which describes or specifies the property mortgaged as "one bay mare, two mare mules, one horse mule," is sufficiently specific to put a *bona fide* purchaser from the mortgagor of one black horse mule, nine years old, and one black mare mule, four years old, on notice by its record; that the mules mortgaged are the same as those purchased.

"No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." Code, §1955.

The property upon which the lien is to take effect must be specified. To specify means to point out, to particularize, to designate by words one thing from another. Can it be said that to specify the property as two mare mules and one horse mule is a sufficient pointing out or designation of one thing from another, so as to distinguish the mules mortgaged from the mules purchased, especially as it appears from the record that the mortgagor had several places upon which he had mules? We do not think, as to a *bona fide* purchaser, that the specification of the property in the mortgage was sufficient to put the purchaser on notice by its record that the property mortgaged was the same as that purchased. As between the mortgagor and mortgagee, parol evidence might be admitted to show the property to be the same as that mortgaged, but it is not admissible as against a *bona fide* purchaser; he stands upon the notice which the record of the mortgage charges him with; the parol evidence is no notice to him.

Judgment reversed.