## A. S. THOMAS FURNITURE COMPANY *v.*
## T. & C. FURNITURE COMPANY.

1. In providing that a mortgage or a conditional bill of sale shall specify the property on which it is to take effect, the law does not require such a description as will serve to identify the property without the aid of parol evidence.

2. Where a conditional bill of sale specified the property sold as named articles of furniture bought from the vendor, and the instrument was duly recorded, this was sufficient to put a person dealing with the vendee on notice of the vendor's title.

Submitted July 14, — Decided August 10, 1904.

Trover.    Before Judge Calhoun.    City court of Atlanta. October 26, 1903.

The A. S. Thomas Furniture Company sold to W. W. Carr certain furniture under a conditional bill of sale as follows: "I have this day purchased of the A. S. Thomas Furniture Company 1 dresser, 1 bed, 1 w. stand, 1 c. table, 4 chairs, 1 rocker, 1 spring, 1 mattress, 2 lamps, at the price of $69, to be paid for in instalments of one dollar a week, the title to which property is to remain in the said A. S. Thomas Furniture Company until paid for. Said goods not to be moved from the city [Atlanta] without the written consent of above firm." The paper was signed March 5, 1901, and was duly recorded March 9, 1901.

The A. S. Thomas Furniture Company afterwards brought an action of trover against the T. & C. Furniture Company for the recovery of the property. On the trial it appeared that in December, 1902, Carr, after dark and under circumstances of suspicion, sold the property to the defendant company, a member of which said to the plaintiff's agent "that Carr told him that he had bought these goods from the plaintiff, but had paid for them. He said he proposed to Carr to go down and see the plaintiff about it, but Carr said he didn't have time, and he bought the goods and paid Carr five dollars for them. He said he ought to have asked the plaintiff about them before buying them." Another witness identified the property sued for as a part of that included in the conditional bill of sale, and testified that it was worth much more than five dollars, and that he also had a conversation with a member of the defendant company, similar to that reported above, and in addition asked "why he didn't phone [to the plaintiff] about it; he replied that he had not thought of that." The court refused to admit in evidence the bill of sale, on the ground that the property conveyed therein was not sufficiently described; and granted a nonsuit. The plaintiff excepted to these rulings, and contended that the defendant had notice of plaintiff's title, independently of the bill of sale.

Cited by counsel: Civil Code, §§ 2776, 2774; *Ga. R.* 12/441; 46/253; 55/544; 58/391; 59/711; 77/365; 91/799; 94/27; 5 Am. & Eng. Enc. L. 956–9, 963–4; 25 Conn. 301; 75 Iowa, 102; 30 Cal. 318; 10 Montana, 381, 387.

*James K. Hines*, for plaintiff.
*McElreath & McElreath*, for defendant.

LAMAR, J.  (After stating the foregoing facts.)   A mortgage or a conditional bill of sale "must specify the property upon which it is to take effect."   Civil Code, § 2724.   Both the rights of the parties and the interest of subsequent purchasers require that the description shall not rest in parol, but that the instrument shall point out the property conveyed.   And yet the application of this rule is by no means free from difficulty.   Land can be so described as to enable a surveyor to locate it merely by following the metes and bounds set out in the mortgage, and yet an incomplete description of land may be aided by parol.   There are some forms of personal property which it is possible to describe by marks, numbers, or other terms.   But this is not always practicable.   Words which might even accurately describe one article may fit many others of the same class, make, and material.   Generally it is impossible for a stranger, merely from an examination of the mortgage, to determine whether a particular article is the one therein mentioned or not.   Even if a name is given to an animal, or its age is stated, or its color is mentioned, or if the property is referred to as located on a particular plantation or in a special store, or the like, it is evident that these added expressions do not describe the thing, but merely afford means by which the property may be distinguished from other property of substantially the same kind and character.   Hence the decisions recognize that very meager terms of identification may be sufficient.   Upon an analysis of the cases it will be seen that generally the main element of description was to be found in the parol evidence identifying the article as that referred to in the mortgage.   The courts lay hold of slight circumstances to supplement the descriptive words.   As, for example, in *Nichols* v. *Hampton*, 46 *Ga.* 256, where a mortgage of a "bay mare sold by the plaintiff to Johnson" was held sufficient, the court saying, "the description will apply to any bay mare, but there is another description added, to wit: the bay mare sold by the plaintiff to Johnson.   Description of property depends a good deal upon its nature, and perhaps this description of the mare is sufficient to put any one who should read the paper upon notice."   This case is directly in point, since the bill of sale in the present case recited that the goods were "this day purchased of the A. S. Thomas Furniture Company."   This fact would serve to distinguish the property sold from other goods of the same sort bought

from any one else by the vendee.   In Harding *v.* Coburn, 12 Met. 333 (46 Am. Dec. 682), the court said, "Most personal property must, from the nature of the case, be described in such general terms as to leave no other alternative but to resort to parol evidence to identify it.   Apparently it seems a more bald description to say 'all my household furniture' than to enumerate the articles and describe them as 'two dozen of chairs, five tables,' etc.; but in reality the latter will require extrinsic evidence to identify the property as much as the former would.   Or take the case of a mortgage of live stock on a farm.  .  .  The particulars are 'ten cows, two yoke of oxen,' etc.; but in both you must rely upon other sources than the mortgage for the identity of the property mortgaged.  .  .  Such mortgages with general descriptions of the articles have ever been considered good."   Compare Civil Code, § 2723, and Jones on Chattel Mortgages, § 53, to the effect that "It is not necessary that the property should be so described as to be capable of being identified by the written recital, or by the name used to designate it in the mortgage.   Parol evidence is admissible to show that a particular article is included within the general words of a description."

Of course, if. the description is altogether general, and there is nothing in the writing by which the thing mortgaged can be separated from the general mass of similar articles, the requirement of the law is not met.   To mortgage "one horse" is absolutely indefinite.   *Stewart* v. *Jaques*, 77 *Ga.* 368.   To allow parol evidence to show what was intended would leave the entire description a matter for extrinsic evidence.     "One bay horse belonging to A." might be too indefinite, if he had more than one of the same color.   But "one bay horse bought from J." is far more particular, and limits the range of the parol evidence to the identification of a single animal.   In the absence of something to show that others of the same color had been purchased from J., it would be sufficient to admit extrinsic evidence to specify what had been conveyed.     And so in the case at bar, "one bed" is entirely too general; but one bed "this day purchased of the A. S. Thomas Furniture Company" is singled out and identified, even though it is not otherwise described in the bill of sale.   The recorded instrument was sufficient to put the purchaser upon inquiry; and had the description been far more particular, it could hardly have

done more, since in chattel mortgages on personal property it will rarely occur that the language of the instrument is by itself sufficient to dispense with the resort to other means of identification. The conveyance here was not void. Besides, the defendant was put on notice. The price paid, the hour at night when the goods were bought from Carr, his statement that they had been bought from the plaintiff, were in themselves enough to require the case to be submitted to the jury in order that they might say whether the defendant was a bona fide purchaser without notice, or whether it was charged with notice that the furniture bought was that specified in the duly recorded bill of sale.

There was no sufficient charge of bad faith to warrant the recovery of attorney's fees. *Traders Ins. Co.* v. *Mann,* 118 *Ga.* 281 (6). If there was only constructive notice arising from the record of the bill of sale, it is evident that there was no bad faith to warrant such penalty being imposed on the defendant. Even if the defendant knew of plaintiff's reserved title, that did not prevent it from purchasing Carr's interest. If Carr himself had paid anything on account of the purchase-money, he would not have been required to surrender possession to the plaintiff on demand, without some adjustment of the rights and equities of the parties. The defendant succeeded to his position, and there is nothing to suggest that the plaintiff was entitled to a surrender of the furniture as matter of course.

*Judgment reversed. All the Justices concur.*