3370.   ESTEVE BROTHERS & CO. *v.* ROSENGRANT.

HILL, C. J.   1. A bill of sale to staves, stating the number sold, where located, their length, and the number of staves of each length, and that 44 per cent. were made of red oak, and that all were to be shipped from the place where located to designated consignees, was not void for uncertainty in its description of the property. This description pointed out with sufficient definiteness and certainty the property sold, and any deficiencies as to identity could be supplied by parol. *Thomas Lumber Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879; *Beaty* v. *Sears,* 132 *Ga.* 516; tiedeman on Sales, § 233.

2. No error of law appears, and the evidence fully supports the verdict.
                                        *Judgment affirmed.*
                    DECIDED JANUARY 15, 1912.

Trover; from city court of Savannah—Judge Davis Freeman. February 13, 1911.

*O'Byrne, Hartridge & Wright,* for plaintiff in error, cited, *Ferguson* v. *McCowan,* 124 *Ga.* 669

*Wilson & Rogers,* contra.

---

3371.   HAMMOND *v.* JACQUES.

RUSSELL, J.   It not appearing to the satisfaction of the court that the opposite party was served with notice of the depositions admitted in evidence, and it subsequently appearing, upon the hearing of the motion for a new trial, that the attorney who was notified did not in fact represent the defendant at the time that the notice of the taking of the depositions was given to him, it was not error to grant a new trial.
                                        *Judgment affirmed.*
                    DECIDED JANUARY 15, 1912.

Bail-trover; from city court of Bainbridge—Judge Harrell. March 21, 1911.

*R. G. Hartsfield, Will H. Krause,* for plaintiff.
*Russell, Fleming & Custer,* for defendant.