## 7332.   MILNER BANKING CO. *v.* ADAIR & McCARTY BROS.

A mortgage describing the mortgaged property as "5 black mare mules ranging from 6 to 9 years old and now in my possession at Haralson, Ga., Coweta county, and weighing from 900 lbs. to 1150 lbs.," was too indefinite, in its description of the. property, to impart notice to a third person, to whom the mortgagor subsequently mortgaged one black mare mule 8 years old and one black mare mule 9 years old, that these two mules were included in the former mortgage.

DECIDED SEPTEMBER 21, 1916.

Money rule; from city court of Newnan—Judge Post. February 15, 1916.

*T. G. Farmer Jr.,* for plaintiff in error.   *W. G. Post,* contra.

HODGES, J. The question in this case arose upon a money rule. Liens against the property of one Herndon were claiming funds in the hands of the sheriff. The contest was over the proceeds of the sale of two mules, named "Bell" and "Daisy." Herndon, on March 11, 1914, delivered to E. C. Swygert a mortgage describing the mortgaged property as follows: "5 black mare mules ranging from 6 to 9 years and now in my possession at Haralson, Ga., Coweta county, and weighing from 900 lbs. to 1150 lbs." This mortgage was duly recorded. The plaintiff in error is the transferee of Swygert. Herndon, on May 19, 1915, executed to A. D. Adair & McCarty Brothers, a mortgage which described the mortgaged property as "one black mare mule about 15 hands high, named Bell, also one black mare mule about 15 hands high, named Daisy," adding that "said mules are free from any encumbrances and are in my possession on my farm. The first named mule is 8 years old and worth $175.00. The second named mule is 9 years old and is worth $175.00." The holders of the latter mortgage contended that on account of the uncertainty and insufficiency of the description in the mortgage held by the plaintiff in error, it should not prevail over their mortgage; and the court so held.

1. The judgment of the court was correct. The description in the older mortgage was too uncertain and indefinite to affect the rights of the holders of the subsequent mortgage. Between the parties to a mortgage such a description would be good, but as to third persons it is too indefinite and uncertain to put them on notice. The defendants in error stood before the court as innocent purchasers for value, and were charged only with the notice that the record of the mortgage of the plaintiff in error gave them. The description of the mules is too general, and there is nothing in the mortgage by which the mortgaged property can be separated from the general mass of similar animals owned or which might have been owned by the mortgagor. "A mortgage which described the property included therein as 'one bay mare, two mare mules, one horse mule,' did not sufficiently specify the property, so as to put one who bona fide purchased from the mortgagor one black horse nine years old, and one black mare mule four years old, on notice, by its record, that the mules mortgaged were the same as those purchased, especially where the mortgagor had several places on which he had mules." *Stewart* v. *Jaques, 77 Ga.*

365 (3 S. E. 283, 4 Am. St. R. 86). "If the description is altogether general, and there is nothing in the writing by which the thing mortgaged can be separated from the general mass of similar articles, the requirement of the law is not met." *Thomas Furniture Co. v. T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 333). This court in the case of *Nussbaum v. Waterman,* 9 *Ga. App.* 56 (70 S. E. 259), said: "The language used in a mortgage to describe the property may be sufficient as between the parties to the paper and as between the mortgagee and others who have such knowledge of the particulars of the transaction as·reasonably to charge them with notice of the lien, and yet may be such as to prove legally insufficient if the mortgagee seeks to assert the lien of his mortgage against a third person who had in good faith and for value, and without actual notice of the lien, acquired through or from the mortgagor some right or title to the property, and the mortgagee relies upon registration of the instrument as imparting constructive notice. Or, to state it slightly differently, but somewhat more succinctly, the words of description in a mortgage may be sufficient to create a lien, and yet be insufficient of themselves to impart notice of the lien which they create. Hence, whether the description in a mortgage is sufficient or not very frequently depends upon whether the lien is being asserted against the mortgagor or some person who has notice, or whether it is being asserted against some innocent purchaser for value who has no notice other than such as the record of the instrument may have imparted." *Judgment affirmed.*