7994. REYNOLDS *v.* TIFTON GUANO COMPANY *et al.*

1. A writing which purports to create a mortgage lien upon property described as "seven head of mules and horses" is void as against one claiming the proceeds of a sale thereof under a subsequently acquired lien by attachment.

2. In such a case the sufficiency of the mortgage description is not governed by the rule which would obtain between the parties to the writing, but such a degree of definiteness is required as would be sufficient to impart record notice to third parties.

DECIDED MAY 3, 1917.

Money rule; from city court of Tifton—Judge Eve. November 21, 1916.

*C. W. Fulwood, James H. Price,* for plaintiff.

*R. D. Smith,* contra.

JENKINS, J. On January 4, 1915, Weatherington executed a note to Reynolds for $2,000, payable November 1 after date, and, to secure its payment, executed a mortgage on certain live stock described therein as "seven head of mules and horses." On May 17 of the same year he executed and delivered to the Tifton Guano Company two promissory notes, one for $162.94, due September 1 after date, and one for $718.15, due October 1 after date. On November 9, 1915, the Tifton Guano Company sued out an attachment against Weatherington, alleging that he was indebted to it in the sum of $836.09, and the attachment was pursued to final judgment. It was levied in part on certain live stock alleged by Reynolds to have been included in the mortgage; and it is only about the money arising from a sale of the stock under the attachment levy that the litigation arose, upon a money rule.

On the trial the mortgage, tendered by Reynolds, was excluded from evidence, upon the ground that its description of the live stock was too vague and uncertain to constitute a valid mortgage, al-

4

though the movant offered to prove that the mules and horses described therein as "seven head of mules and horses" were the identical mules and horses sold by the sheriff under the attachment, and from the sale of which the fund then in his hands arose, and were the property of the movant at the time the mortgage was executed and at the time they were seized by the sheriff under the attachment. On motion of counsel for the Tifton Guano Company the court directed a verdict awarding the fund to that company. Error is assigned upon the exclusion of the mortgage from evidence, upon the direction of the verdict, and upon the final judgment.

The Civil Code of 1910, § 3257, provides: "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." The law, while recognizing, as between the parties, a reservation of title where a sale is made in parol (*Penland* v. *Cathey,* 110 *Ga.* 431, 35 S. E. 659), requires that in all cases mortgages shall be in writing. *Duke* v. *Culpepper,* 72 *Ga.* 842, 845; *Pierce* v. *Parrish,* 111 *Ga.* 725, 730 (37 S. E. 79). But in construing the provisions of section 3257, supra, our courts have often stated that the doctrine which holds that to be certain which can be made certain is applicable. In the case of *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 333), in which the decision was written by Justice Lamar, it was said that "In providing that a mortgage . . shall specify the property on which it is to take effect, the law does not require such a description as will serve to identify the property without the aid of parol evidence." See also: *Stewart* v. *Jaques,* 77 *Ga.* 365 (3 S. E. 283, 4 Am. St. R. 86); *Duke* v. *Neisler,* 134 *Ga.* 594 (68 S. E. 327, 137 Am. St. R. 250); *Reynolds* v. *Jones,* 7 *Ga. App.* 123 (66 S. E. 395); *Nussbaum* v. *Waterman,* 9 *Ga. App.* 56 (70 S. E. 259); *First National Bank of Fitzgerald* v. *Spicer,* 10 *Ga. App.* 503, 504 (73 S. E. 753); *International Harvester Co.* v. *Davis,* 13 *Ga. App.* 1 (78 S. E. 770); *Hillis* v. *Comer,* 14 *Ga. App.* 30 (79 S. E. 930); *Jones & Damren Auto Co.* v. *Lott,* 17 *Ga. App.* 834 (88 S. E. 719); *Milner Banking Co.* v. *Adair & McCarty Bros.,* 18 *Ga. App.* 575 (90 S. E. 170). But in the *Thomas Furniture Co.* case, supra, the court goes on to say: "Of course, if the description is altogether general, and there is

nothing in the writing by which the thing mortgaged can be separated from the general mass of similar articles, the requirement of the law is not met. To mortgage 'one horse' is absolutely indefinite." See also *Ferguson* v. *McCowan*, 124 *Ga.* 669 (52 S. E. 886). Thus, while it is clear that where the necessary writing indicates within itself some method by which the range of extrinsic evidence in its aid can be limited, such otherwise general description can be particularized and made certain by parol, yet where the written description is altogether general, and there appears "no hinge or hook" to hang the aid to, the instrument can not claim the support of parol testimony offered in its aid. In our opinion, the description before us is altogether too general to claim the aid of the extrinsic parol evidence offered in its aid. The language "seven head of mules and horses" is in fact much more general in terms than the expression "one horse," referred to by Justice Lamar in the *Thomas Furniture Co.* case, supra, where he said that to allow parol evidence to show what was intended by "one horse" would be to leave the entire description a matter for extrinsic evidence. Considering the language of the writing in the present case, it is even impossible to determine therefrom how many mules and how many horses were intended to be included. It might have been that six mules and one horse were in the minds of the parties; or, just as well, we could suppose that one mule and six horses were intended to be mortgaged. So far as the words of this description go, they merely purport to mortgage not exceeding six mules and not exceeding six horses.

Counsel for the plaintiff in error, however, invoke the distinction recognized by our courts, that while the words of description in a mortgage may not be sufficiently exact to impart notice to third persons through its record, yet, as between the parties, such description may be sufficient to create a lien; or, to quote the language used by Judge Powell: "The words of description in a mortgage may be sufficient to create a lien, and yet be insufficient of themselves to impart notice of the lien which they create." *Nussbaum* v. *Waterman,* supra. Counsel contend that the defendant in error in this case does not stand in the position of a bona fide purchaser, that it is not here shown that its interests have been in any way prejudiced by lack of notice of the existence of the mortgage, and that its only interest in, or lien upon, the prop-

erty arises by reason of the levy in attachment. In reply to this contention it is argued by counsel for defendant in error that the inadequacy of description renders the mortgage altogether and absolutely void.

We do not deem it necessary, however, to pass upon the question whether the mortgage in this case is absolutely void, and would be so even as between the parties, although we do not intimate that such is not the case. We take this view for the reason that in our opinion a judgment creditor or a lien-holder under attachment stands in the same position as a bona fide purchaser. In *Nussbaum* v. *Waterman,* supra, it was simply held that the claimant in that case, who had submitted no evidence whatever of any right, title, or interest on his part in the property, was a mere interloper and could not be heard to raise the question that the description contained in the mortgage was insufficient. It was held in that case that the claimant must show *some right* about to be affected, before he could be heard to complain. It would seem that a right arising out of a valid lien, acquired by a judgment, or under a levy under attachment pursued to judgment, would be sufficient to give legal status to one raising such question. That a judgment lien is superior to that of an unrecorded mortgage is of course true. *Barkley* v. *May, 3 Ga. App.* 101 (59 S. E. 440) ; *Booze* v. *Neal, 6 Ga. App.* 279 (64 S. E. 1104). And furthermore, it is the law that even actual notice of an unrecorded prior mortgage at the time a judgment is rendered is immaterial as to the priority of the judgment lien. *Cambridge Tile Co.* v. *Scaife & Sons Co., 137 Ga.* 281 (73 S. E. 492). If, then, the record of the mortgage be a necessary prerequisite in order to retain its priority over a subsequently rendered judgment, it would seem that in order for the record of a mortgage to subserve such purpose, the mortgage itself must conform to the requirements of record notice. Under this view, we have no hesitancy in saying that the description of the stock as given by the mortgage was entirely inadequate to constitute record notice as against a third party in interest.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*