### BROWN et al. v. CAMP.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1921.)

No. 3767.

1. Chattel mortgages ⬉⬅47—Description held too indefinite.

A chattel mortgage from father to son, describing the property mortgaged as "sufficient amount of lumber, shingles, brick, roofing, and cement in my possession," was void as to judgment creditors for indefiniteness of description.

---

⬉⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Evidence ⊂⊃461(3)—Parol evidence inadmissible against trustee to show intent as to indefinitely described mortgaged property.**

As against a trustee in bankruptcy, parol evidence was inadmissible to show the intention of the mortgagee and bankrupt mortgagor as to the property intended to be covered by an indefinite description in a chattel mortgage.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Petition in bankruptcy for allowance of a mortgage lien by Herbert S. Brown and others, opposed by R. T. Camp, trustee in bankruptcy of John E. Brown, bankrupt. Order denying claim sustained, and claimants bring petition to superintend and revise. Petition denied.

Stephen C. Upson, of Athens, Ga., for petitioner.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. John E. Brown executed to his son, the petitioner herein, a mortgage note; the description of the property mortgaged being:

"Sufficient amount of lumber, shingles, brick, roofing, and cement in my possession."

Thereafter the said John E. Brown was adjudicated a bankrupt. Petitioner sought to set up and establish the lien of the mortgage, which the referee declined to permit him to do. The action of the referee was confirmed by the District Judge. The ground upon which a mortgage lien was held not to exist was that the description of the property attempted to be mortgaged was too vague, uncertain, and indefinite. The referee also declined to allow parol evidence upon the question of what property was intended by the mortgagor and mortgagee to be described.

[1] Under the amendment of 1910 (Comp. St. § 9631) a trustee in bankruptcy is vested with the rights and remedies of a creditor holding a lien by legal or equitable proceedings. This mortgage would have been void as against a judgment creditor. Reynolds v. Tifton Guano Co., 20 Ga. App. 49, 92 S. E. 389, and cases there cited. We are of opinion that a "sufficient amount" is not equivalent to all of the mortgagor's property attempted to be described in the mortgage. The mortgage does not purport to cover all the property, but only a portion less than the whole of it. The fact that several articles were mentioned only serves to make the indefiniteness more pronounced.

[2] Whatever the rule is as to the admissibility of parol evidence of the intention of the parties, mortgagor and mortgagee, where the rights of third parties are not involved, their understanding, except as expressed in the mortgage, could have no effect upon the power of the trustee in bankruptcy to assert the lien secured to a creditor or innocent purchaser. Stewart v. Jaques, 77 Ga. 365, 3 S. E. 283, 4 Am. St. Rep. 86.

The petition to superintend and revise is denied.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes