## In re COLEMAN & BROWN.

## BANK OF GRAYMONT v. HORNIK-PEEPLES SHOE CO. et al.

(Circuit Court of Appeals, Fifth Circuit. October 29, 1924.)

### No. 4195.

1. **Chattel mortgages** ⬄50 — Description of property held sufficient.

Under Civ. Code, Ga. 1910, § 4530, providing that "notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led," description of property in a chattel mortgage as "our stock of merchandise consisting of dry goods, shoes, clothing, groceries and hardware," *held* sufficient where it was shown that the mortgagor was a well-known firm and had only one stock of goods, which was located in the town where the mortgage was executed.

2. **Evidence** ⬄460(12)—Parol evidence admissible to identify property.

Parol evidence is admissible to identify property which a mortgage covers.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

In the matter of Coleman & Brown, bankrupts. From an order of the District Court,

holding its chattel mortgage invalid, the Bank of Graymont appeals. Reversed.

For opinion below, see 291 F. 280.

Frank H. Saffold, of Swainsboro, Ga., for appellant.

Anderson Ulmer and O. E. Bright, both of Savannah, Ga., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Coleman & Brown, a partnership, engaged in the mercantile business at the small town of Graymont, Emanuel county, Ga., executed a mortgage to secure a note for $4,000, payable to the Bank of Graymont. The description of the mortgaged property was "our stock of merchandise consisting of dry goods, shoes, clothing, groceries, and hardware." The mortgage was duly recorded, and more than four months thereafter Coleman & Brown were adjudicated bankrupts. The evidence without dispute shows that Coleman & Brown was a well-known firm, and had only one stock of goods, which was located at Graymont in Emanuel county.

The District Judge held that the description of the property intended to be mortgaged was insufficient to create a lien as against the trustee in bankruptcy. The bank appeals.

[1] Section 4530 of the Georgia Code provides: "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of parties."

[2] Parol evidence is admissible to identify property which a mortgage covers. A description of a stock of goods in general terms serves to identify as well as would an attempt at detailed description. The parol evidence here offered identified the property as that of the mortgagors. The quantity is the entire stock, and there was only one stock owned by the mortgagors which was located in the same town as the bank. The slightest inquiry would have enabled a third party to identify the property intended to be mortgaged. We are of opinion therefore that the description was sufficient. 5 R. C. L. 429; Thomas Furniture Co. v. T. & C. Furniture Co., 120 Ga. 879, 48 S. E. 333.

The decree appealed from is reversed, with directions to recognize the appellant as a secured creditor.