### 25718. BUTLER v. SCARBORO.

JENKINS, P. J. 1. In the instant trover action for recovery of a black mare mule and a black horse mule, the court did not err in admitting in evidence the promissory note given for the purchase-money, reserving

title in the payee, on the ground that the description of both animals was legally insufficient. As to the mare mule, the instrument contained an express retention of title, described the animal both as the subject-matter of the conditional sale and as part of "the said stock hereby delivered," and was sufficient. *Paradies* v. *Warren Co.*, 53 *Ga. App.* 457 (186 S. E. 438); *Reynolds* v. *Tifton Guano Co.*, 20 *Ga. App.* 49-51 (92 S. E. 389); *Nussbaum* v. *Waterman*, 9 *Ga. App.* 56 (3) (70 S. E. 259). However, as to the other mule, described as "one black horse mule," the instrument merely *mortgaged* this animal; and consequently as to this property, a trover suit was not maintainable, and the judgment in favor of the plaintiff was contrary to law.

2. The instrument was not inadmissible, and the verdict for the plaintiff was not illegal, on the ground that title to the mare mule was not transferred by the indorsement, "I hereby transfer all my title and interest to the within paper to [the plaintiff], without recourse as to us." This sufficed to authorize the plaintiff to sue in trover for that animal. *Jordan Mercantile Co.* v. *Brooks*, 149 *Ga.* 157 (99 S. E. 289); *Cade* v. *Jenkins*, 88 *Ga.* 791 (15 S. E. 292).

3. Irrespective of whether or not the possession of the note containing the reservation of title carried with it a presumption of ownership, and of the proper execution of the indorsement from the payee to the plaintiff, appearing on the back of the note, in the absence of any plea by the defendant attacking such ownership or indorsement the answer in effect admitted the plaintiff's ownership and the regularity of the purported indorsement, by pleading that "said plaintiff, without leave or license and without defendant's consent, went to the said [payee] and *bought off the said note.*" Therefore the contention that the note was inadmissible, and the verdict unauthorized, because there was no proof of the execution of the indorsement, is without merit.

4. For the reason stated in the 1st paragraph, while the verdict was authorized as to the mare mule, it was unauthorized as to the horse mule. The verdict for $212.50 was also unauthorized as to the excess over $125, since it was undisputed that only this amount remained due on the retention-of-title contract. See *Dasher* v. *International Harvester Co.*, 42 *Ga. App.* 130 (2, 5, 6) (155 S. E. 211); *Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 403 (3) (111 S. E. 821). The only testimony as to the value of the separate animals was that of the defendant, that they were "worth about $100 or $125 each." Taking the value of the mare mule, for which the verdict was authorized, as $125, under the rule that the evidence of a party must be construed against him, this amount coincides with the amount due on the retention-of-title contract, for which the verdict was authorized. If the plaintiff will write off from the recovery the sums in excess of this amount, the judgment denying a new trial is affirmed; otherwise it is reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 28, 1936.

*W. C. Hodges,* for plaintiff in error.