MORRIS & ECKELS CO. *v.* FULTON NATIONAL BANK
*et al.*

No. 17516.   ARGUED JUNE 12, 13, 1951—DECIDED JULY 9, 1951.

*I. A. Blanch,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Powell, Goldstein, Frazer & Murphy, J. Winston Huff,* and *Elliott Goldstein,* for defendants.

DUCKWORTH, Chief Justice. A mortgage must specify the property upon which it is to take effect. Code, § 67-102. And the words "to specify" have been described in *Stewart* v. *Jaques,* 77 *Ga.* 365 (3 S. E. 283) as meaning "to point out, to particularize, to designate by words one thing from another." While the law does not require such a description as will identify the property without the aid of parol evidence, yet the words of such description—although sufficient to create a lien—may be

insufficient, through the recording of the mortgage, to impart notice to third parties. *Stewart* v. *Jaques,* supra; *Nussbaum* v. *Waterman,* 9 *Ga. App.* 56, 59 (70 S. E. 259) ; *Reynolds* v. *Tifton Guano Co.,* 20 *Ga. App.* 49, 50 (92 S. E. 389).; *Cairo Banking Co.* v. *Citizens Bank,* 63 *Ga. App.* 692 (11 S. E. 806). Here, it is not our intention to pass upon the sufficiency of the mortgages as liens, but merely to determine, as a matter of law, whether or not the description therein, without the aid of parol evidence, was sufficient to give notice to the defendants, there being no allegations in the petition as to actual notice. As the description of property depends upon its nature, it must be sufficient to distinguish the property from other goods of the same sort; and, if the description is altogether general, such that the mortgaged property can not be separated from the general mass of similar articles, the requirement of the law is not met. See *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 333) ; *Stewart* v. *Jaques,* supra; *Crine* v. *Tifts,* 65 *Ga.* 644; *Bennett* v. *Green,* 156 *Ga.* 572 (119 S. E. 620) ; *Milner Banking Co.* v. *Adair & McCarty Bros.,* 18 *Ga. App.* 575 (90 S. E. 170). The mortgages created a lien for the benefit of the plaintiff and apparently covered various pieces of fur-storage equipment, the description of which designates each individual article in general terms, which somewhat describes the use of the article and, in some cases, lists a descriptive name which may be that of the manufacturer, but it does not distinguish the items from others of like nature, nor does it give the location of the chattels or any other information by which they could be properly identified. Therefore, the recorded mortgages here were insufficient to impart notice to the defendants, since the description of the chattels was too general to specify the exact chattels and no information was given as to their location. It follows that the defendants here were bona fide purchasers for value without notice of the mortgages, and the court did not err in sustaining their general demurrers to the petition and in dismissing the same as to them. Code, § 37-111.

But counsel for the plaintiff in error, in the supplemental brief, insists that in paragraph 38-b of the amended petition there were allegations of actual notice. However, in read-

ing this paragraph it appears that it is based on the mere conclusions of the pleader and, in effect, no allegation is made of actual notice. Further, the pleadings therein are in the alternative, and this court has held in numerous decisions that, on demurrer, such pleadings will be given that construction which is most unfavorable to the pleader. *Baggett* v. *Edwards*, 126 *Ga.* 463 (55 S. E. 250); *Fraser* v. *Smith*, 136 *Ga.* 18 (2) (70 S. E. 792); *Central of Ga.* v. *Tapley*, 145 *Ga.* 792 (3) (89 S. E. 841); *Doyal* v. *Russell*, 183 *Ga.* 518 (189 S. E. 32). Here the alternative expression, "they have known . . or by the exercise of reasonable care ought to have known by examining the mortgages and the premises," is obviously no more than the opinion of the pleader that an examination of the mortgages and premises would have informed the defendants of the plaintiff's liens. It can not be shown by examining the mortgages and the premises that the plaintiff in error had a lien on the property sold to the defendants, for, as ruled above, extrinsic evidence would be necessary. It follows from the above that there is no positive allegation of actual notice which could be attributed to the defendants.

*Judgment affirmed. All the Justices concur.*