35799. GOFORTH *et al.* *v.* SCOGGINS *et al.*

DECIDED SEPTEMBER 30, 1955.

*Woodruff, Swift & Stephens,* for plaintiffs in error.

*J. Norwood Jones, Jr.,* contra.

GARDNER, P. J. From the evidence introduced, it is unquestionable that the automobile claimed by the plaintiffs is the same automobile found in the possession of the defendants and claimed by them. The only question to be determined is whether or not the description in the conditional bill of sale, recorded in Fulton County, is sufficient to give the defendants constructive notice that the automobile found in their possession was the same auto-

mobile as described in the conditional bill of sale. It was held in *Shearer* v. *Housch*, 32 *Ga. App.* 663 (124 S. E. 356) that, where the prefix 7W was omitted from the motor number, this omission did not constitute constructive notice of the retention of title to the automobile under consideration. This court in *Pinson-Brunson Motor Co.* v. *Bank of Danielsville*, 40 *Ga. App.* 793, 796 (151 S. E. 549) held: "Even though the truck described in each instrument was one and the same vehicle, the question under the record is whether the description as given in the mortgage to the bank, though materially incorrect as to the motor number, was sufficient as a matter of law to impart notice to a subsequent purchaser or mortgagee. . . The motor number of the same make and model is perhaps the most important element in the description of motor cars, and the incorrectness of the number stated in the mortgage held by the bank was so misleading as to have authorized a finding in favor of the motor company on the question of notice, in view of the general language used in the other parts of the description." In *Master Loans Service* v. *Maddox*, 68 *Ga. App.* 429 (23 S. E. 2d 179) this court held: "It has been said that 'the words of description in a mortgage may be sufficient to create a lien on the property and yet insufficient of themselves to impart notice . . . of the lien which they create.'" In *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333) the Supreme Court held: "There are some forms of personal property which it is possible to describe by marks, numbers, or other terms." In referring to the instant case, the Ford coach involved is easily discernible from all other Ford coaches and all other automobiles by its motor number. In *Morris & Eckols* v. *Fulton National Bank*, 208 *Ga.* 222 (1) (65 S. E. 2d 815), the Supreme Court said: "While the law does not require a description of chattels in a mortgage that will identify the property without the aid of parol evidence, yet, to impart constructive notice to third parties, a recorded mortgage is insufficient where the description is too general to identify the exact chattels without the aid of extrinsic evidence, and the court here properly sustained the general demurrers of the defendants, who are bona fide purchasers for value."

It is admitted by counsel for the plaintiffs that the automobile described in the recorded bill of sale was specified as motor

number HAA 270056, and suit was brought for the Chevrolet automobile in question alleging this motor number. However, the evidence reveals that such was not the motor number of the automobile found in possession of the defendants, for which the trover action was brought.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*