Nichols *vs.* Hampton.

HARRISON NICHOLS, plaintiff in error, *vs.* MARGARET J. HAMPTON, defendant in error.

1. A paper containing all the requisites of a mortgage of personal property, is a mortgage from the date of its execution, even though it be not attested by an officer.

2. It is sufficient if it be proven by the subscribing witness and recorded within three months from its execution.

3. A paper, providing for a lien on a " bay mare," and showing that the mare was purchased by the mortgagor from the mortgagee, is a sufficient description of the property mortgaged.

4. It is not necessary that a Notary Public shall affix his seal to the probate of a deed by a subscribing witness.

5. A mortgage recorded within three months from the date of its execution is a lien from its date, even against *bona fide* purchasers without notice.

6. An affidavit, probating a mortgage, taken before the attorney of the mortgagee, who is a Notary Public, is not a legal affidavit, and a mortgage recorded on such probate is not legally recorded.

Chattel mortgage. Attestation. Probate. Description. Record. Notice. Affidavit. Attorney and client. Before Judge STROZIER. Worth Superior Court. April 10th, 1872.

On January 18th, 1870, Carles Johnson made the following instrument:

"$200. By the first day of February next, I promise to pay Margaret J. Hampton, or bearer, two hundred dollars for value received in a bay mare and buggy, Margaret J. Hampton holding a lien on said horse and buggy until it is paid for.          (Signed)

"CARLES JOHNSON.

"Attest: F. LEHMAN.

"Albany, Georgia, January 18th, 1870."

A second instrument, of similar character, was executed by the same maker, on the same day, for the sum of $150, due the 1st day of March next thereafter.

Said instruments were admitted to record on the following affidavit, on March 2d, 1870:

"GEORGIA—DOUGHERTY COUNTY:

"Before me, the subscriber, personally came Fred Lehman, who, on oath, says that he saw Carles Johnson sign and deliver the within notes as therein stated, and that deponent was a witness to the same, and has so signed them.

"FRED LEHMAN.

"Sworn to and subscribed before me
this March 2d, 1870.

(Signed)    "L. D. P. WARREN, N. P."

On March 3d, 1870, S. S. Yopp made the following affidavit, based upon the foregoing instruments:

"GEORGIA—DOUGHERTY COUNTY:

"Before me, the subscriber, personally came Sidney S. Yopp, agent for Margaret J. Hampton, who, on oath, says that Carles Johnson, of Worth county, is due the said Hampton, on the annexed mortgage, the sum of $350, principal, and $1 50, interest, and this affidavit is made to obtain the foreclosure of said mortgage.    (Signed)

"S. S. YOPP.

"Sworn to and subscribed before me this
March 3d, 1870.

(Signed)    "W. H. WILDER, Ordinary."

The order of foreclosure was passed on the same day that the foregoing affidavit was made, and execution issued, which was duly levied on the bay mare described in the foregoing instruments.    Harrison Nichols filed his claim to said property.

Upon the trial of the issue formed by the claim, the claimant moved to dismiss the levy upon the following grounds, to-wit:

1st. Because the paper, pretending to be the mortgage of plaintiff in *fi. fa.*, was not witnessed by any officer authorized to attest the same.

2d. Because the probate of said instrument was made before a Notary Public, who was one of the attorneys for plaintiff in *fi. fa.*

Nichols *vs.* Hampton.

3d. Because the paper, if properly attested, was not a mortgage.

4th. Because S. S. Yopp, who made the affidavit foreclosing the mortgage, does not swear he is agent for plaintiff, or show other authority of agency to foreclose the same.

The motion was overruled by the Court, and claimant excepted.

The plaintiff in *fi. fa.* introduced the mortgage, the affidavit and order of foreclosure, and identified by G. J. Wright the mare levied on.

The claimant testified that he bought the mare from Carles Johnson a month before he knew of the plaintiff's claim; that he knew nothing of any claim against the mare at the time he bought her; that the levy on the mare was made on the 4th of March, 1870.

The Court charged the jury as follows, to-wit: "That if the defendant in *fi. fa.* made and executed, in the presence of a witness, the paper read to you as a mortgage on the horse claimed, on the 18th of January, 1870, and that said witness did, before a Notary Public, (and that Notary Public was one of the attorneys for plaintiff,) on the 2d day of March, 1870, prove the execution of said paper, and the same was put on record within three months from the date of the signing, that although claimant may have purchased the horse without notice of the lien, and, one month before, the same was proven before the Notary Public, and, although the Notary Public's signature was not attested by a seal, yet, they should find the horse subject."

The jury found the mare subject to plaintiff's execution, and claimant excepted to the refusal of the Court to dismiss the levy, and to the charge of the Court, as given, and assigns the same as error.

D. H. POPE, for plaintiff in error.

WRIGHT & WARREN, for defendant. The instrument is a mortgage, and was properly probated and foreclosed: Irwin's Code, sec. 1945 *et seq.;* 39 Ga. R., 312.

Nichols *vs.* Hampton.

McCay, Judge.

It must be admitted that these papers fail to fill the common law idea of a mortgage. They are not under seal; they contain no words of conveyance, and are painfully meagre in their description, not only of the debt intended to be secured, but of the property in which the lien is intended to be created. But our Code requires no specified form to constitute a mortgage. It conveys no title, and it is not required to be under seal. It is sufficient if it specifies the property, state the debt and show that the parties intend to create a lien: Revised Code, section 1945. Taking these papers together, they show pretty plainly that the debt intended to be secured is $350, as the papers specify; that a bay mare was (so far as this issue is concerned) the property, and that the parties intended to create a lien for that amount upon the bay mare. True, the description will apply to any bay mare, but there is another description added, to-wit: the bay mare sold by the plaintiff to Johnson. Description of property depends a good deal upon its nature, and perhaps this description of the mare is sufficient to put any one who should read the paper upon notice. It is contended that no paper can be a mortgage under our Code until it is properly probated, and, perhaps, recorded. The language of the Revised Code, section 1945, gives much color to this idea. The words are, "it *must* be executed in presence of or proven, before a Notary Public, etc., and be recorded within three months." But other sections of the same chapter imply very clearly that it was not intended to change the old law. Section 1947 provides that any mortgage, nôt recorded in time, shall take lien from the date of the record. Section 1949 provides that a mortgage not recorded in time, or irregularly recorded, shall not be a lien against purchasers without actual notice. From this it seems clear that if the mortgage be recorded in time, it takes lien from its date. And this was the old law: Cobb's Digest. The Act of 1866, Code, 1509, provides that a Notary need not affix his seal to his attestation of a deed.

True, the taking of the probate of a deed is not exactly its attestation, but it is part of it—stands in the place of it, and comes within the spirit of this provision of the Act of 1866.

We are clear that, under the decision of this Court in the case of *Willowski vs. Hall*, 37 *Georgia*, 678, this affidavit of probate, if taken, as was contended, before the plaintiff's attorney, was not a legal probate. The Court, in that case, decides that section 443, Irwin's Revised Code, prohibits an attorney, who is a Notary, from administering any oath required by law of his client, and Judge Walker, in his opinion, after an elaborate examination of the authorities, shows that, by the practice of the English Courts, both of law and chancery, affidavits taken before the attorney of the party producing them are improperly taken. We think the rule founded on a sound public policy. The subsequent Act of March 8th, 1869, does not alter the law; it only cures defects in cases which had at that time occurred, and by this very Act, the Legislature would seem to intend that the practice was not only illegal in the past, but that it was intended it should remain illegal.

Under the proof, the claimant would seem to be an innocent purchaser. The mortgagee has no natural equity in her favor. She must stand on her strict legal rights. To get her lien good against the right of the claimant, who brought before record and without notice, she must bring herself within the precise letter of the law. This she has failed to do, if the proof shows her mortgage was not properly proven, and, therefore, not properly recorded in three months. The Court should have so charged the jury, and if the proof satisfied them that the probate was before the plaintiff's attorney, the claimant should have had the verdict.

Judgment reversed.