JANES & McDONALD *vs.* PENNY.

Although a mortgage may not be recorded within the time prescribed by law, and for that reason may not be good as against other liens created or obtained, or purchases made, prior to its actual record, yet such a mortgage is valid as between the parties thereto, though

not recorded in proper time; and the mortgagor cannot attack the mortgage as being invalid because not recorded in due time.

(a.) Where certain creditors held mortgages which were not recorded within the time prescribed by law, but were afterwards recorded and foreclosed; and subsequently, a judgment having been rendered against the mortgagor, the mortgagees obtained title thereto by transfer, and by sale under it a fund was raised from the mortgaged property, the creditors could apply it to either lien; and if they applied the proceeds of the sale to the mortgage *fi. fas.*, an affidavit of illegality would not lie on the ground that the fund was improperly applied, and that the general execution was satisfied.

(b.) If an instrument have all the essentials of a mortgage, it is valid, whether an attesting witness signed individually or officially as a notary public.

May 1, 1886.

Mortgages. Debtor and Creditor. Appropriation of Payments. Before Judge ESTES. Floyd Superior Court. September Term, 1885.

Reported in the decision.

JUNIUS F. HILLYER, for plaintiffs in error.

No appearance for defendant.

JACKSON, Chief Justice.

Janes & McDonald, as transferees of an execution in favor of McBride & Co. *vs.* H. M. Penny, had the execution levied upon certain property of Penny, who met it with an affidavit of illegality, that the same was paid, the other grounds being abandoned. The case was submitted to the judge without jury, on the following agreed statement of facts:

"Janes & McDonald sold a stock of goods to H. M. Penny for twelve or thirteen hundred dollars, taking therefor twelve or thirteen one-hundred dollar notes, of which the following is a copy:

'$100.     June 14, 1884.   120 days after date, I promise to pay to the order of Janes & McDonald one hundred dollars, given for a stock of drugs and fixtures; the said stocks and fixtures bound for the payment of the above note.     H. M. PENNY.

Presence of T. J. DAVIS, *Ex officio* J. P.'

"This note was endorsed by Janes & McDonald and contained the following entries on the back: 'Filed for record, May 16, 1885.

A. E. Ross, Clerk.'

'Georgia, Floyd County. Recorded in clerk's office in Superior Court, in book J of Mortgages, page 128, No. 92. May 16, 1885.

A. E. Ross, Clerk. Fee 25 cts.'

"It was agreed that the official part of the witness's name, N. P., *ex officio* J. P., was added by the witness himself a few days before the filing of said note as a mortgage. It was also agreed that the official part of the officer's signature was not omitted by accident on his part, and that it was added without the knowledge or consent of H. M. Penny. McBride & Co. obtained judgment against H. M. Penny on the 20th day of February, 1885, for sixty-three dollars; *fi. fa.*, issued from justice court on said judgment, was levied on the stock of drugs designated in the aforesaid mortgage note on the 4th day of May, 1885. The said *fi. fa.* was transferred for value to Janes & McDonald on the 15th of May, 1885, and the sale postponed for one month, to-wit, 19th day of June, 1885. Prior to the sale, the said mortgage notes having been foreclosed, the mortgage *fi. fas.* were placed in the hands of the bailiff to claim the money arising from the sale of said goods. After sale, the bailiff disposed of his levy on the McBride *fi. fa.* with an entry showing that the money arising from said sale was applied to two of the said mortgage *fi. fas.* as being older liens. On the 3d of July, 1885, the said McBride *fi. fa.* was levied on certain real estate as the property of defendant. Whereupon said defendant filed his affidavit of illegality to said *fi. fa.* upon grounds therein stated. The judgment of the court is rendered on an appeal from the justice court."

So that the question is, was this McBride *fi. fa.* paid off, or should it have been paid off by the money the bailiff applied to the mortgage *fi. fas.?* The court below sustained the illegality, and held that it was so paid and should not have gone upon the mortgage *fi. fas.;* or, in other words, that the common law judgment had priority over the lien on the face of the notes. The only trouble with the note-mortgages is that they were not recorded in time, and therefore are not good against other liens created or obtained, or purchases made, prior to their actual record. Code, §1957.

But the same section declares that " these liens are valid as against the mortgagor, though not recorded in time"— the exact language being " that mortgages not recorded in time remain valid against the mortgagor."

It is the mortgagor that complains in this case of the mortgage. It is he that, by affidavit of illegality, says, because of their invalidity, the money should go to the common law (McBride) judgment. He cannot make that point; and the mortgagee and the holders of the McBride common law execution as transferees being the same firm, had the right to apply the proceeds of the drugs to either of their two liens. This firm had notice of everything, and had the legal right, as against the mortgagor and defendant in execution at common law as well as in mortgage to appropriate the fund to either, both being valid, so far as the mortgagor and defendant, the same individual, is concerned.

The lien on the face of the notes is valid, whether the notary public attested them officially or not. *Nichols vs. Hampton*, 46 *Ga.*, 253.

The affidavit of illegality should have been dismissed, because the *fi. fa.* was not paid off by the proceeds of the drugs, but that money went properly to the mortgage notes, as applied by the officer who collected it, and the court erred in holding otherwise.

Judgment reversed.