## Kiser & Co. *et al. v.* Carrollton Dry Goods Co. *et al.*

Atkinson, J.—A mercantile partnership composed of two members being indebted to a bank upon a promissory note in the sum of $4,398, one of the partners, without the knowledge of the other, executed and delivered to the bank a mortgage containing itself a promise to pay the bank five thousand dollars, and, without mentioning the note for $4,398, reciting that it was given to secure "the above note," the mortgage covering "our entire stock of goods, consisting of dry goods, hats," etc., etc., "and all other

merchandise kept for sale by us." The mortgage on its face bore date one day earlier than the note for $4,398, but it was shown by parol evidence that this discrepancy in the dates was the result of an error. It was also shown by like evidence that the partnership had but one stock of goods and kept the same at but one place. After certain payments had been made on this mortgage, the partnership gave to another creditor a mortgage upon its stock of goods, in which it was recited that the bank held a mortgage on the same property for $3,200, this being the amount to which the indebtedness to the bank had been reduced. There was no fraud or usury in the bank's mortgage, and it was made *bona fide* to secure an existing debt of $4,398. *Held:*

1. The parol evidence above referred to was admissible for the purposes indicated, and such evidence was, under the facts of this case, likewise admissible to show what indebtedness the mortgage was really intended to secure.

2. The mortgage to the bank, though made by only one of the partners, was good, although the other partner did not know of its existence. Had he objected to its execution, the question would be different.

3. Under the facts stated, there was no fatal variance between the mortgage and the debt it was given to secure. The mortgage itself containing an actual promise to pay five thousand dollars, it was at least a valid collateral security for a debt of less amount.

4. The stock of goods covered by the mortgage was, in the light of the parol evidence applying the mortgage to its subject-matter, sufficiently described and identified.

5. There was no error in adjudging that the first mortgage was entitled to priority over the second in a distribution of the proceeds of the mortgaged property, raised at a sale made by a receiver.

April 15, 1895. Brought forward from the last term.    *Judgment affirmed.*

Equitable petition. Before Judge Harris. Carroll superior court. April term, 1894.

Simmons & Corrigan, for plaintiffs.

H. M. Reid, Adamson & Jackson, Merrell & Cole and S. E. Grow, for defendants.