### REEVES *v.* ALLGOOD & COMPANY *et al.*

HOLDEN, J. 1. Allgood & Company instituted proceedings, to which the sheriff and Reeves were made parties, to distribute money in the hands of the sheriff, arising from the sale of property on which Allgood & Company claimed to have a mortgage lien superior to the title claimed by Reeves. The fi. fa. issuing upon the foreclosure of the mortgage was levied upon the property, and Reeves filed a claim. Under an agreement between the parties the property in the hands of the sheriff was sold, and the proceeds of sale stood in lieu of the property. Upon the trial of the claim case the levy was dismissed by the court. Upon the trial of the present case, among other contentions, Reeves contended that by the terms of the agreement the proceeds of sale should go to him upon the termination of the pending claim case in his favor; and Allgood & Company contended that by the terms of the agreement the proceeds were to go to the one of the parties prevailing upon the trial of the issues between them on their merits. *Held*, that where upon such trial the evidence showed that, after the dismissal of the levy in the claim case, a member of the firm of Allgood & Company sent to counsel for Reeves a check for such proceeds, less the costs paid by A. & Co., which Reeves refused to accept, and it appeared from the testimony of the plaintiff that the check was sent for the purpose of carrying out the agreement between the parties as understood by such member of the firm, and there was no evidence that the check was sent with a view to a compromise of any matter in dispute, it was error for the court to instruct the jury that, "If you find it [the check] was sent as a compromise and offer to compromise, then you would not consider it at all."

2. The charge quoted in the first ground of the amendment to the motion for a new trial, when viewed in the light of the entire charge, was not subject to the objection that the court expressed an opinion "as to what had been proven in the case."

(*a*) Such charge, wherein it was stated that the mortgage was "properly executed," was not error, as it appears from the evidence that the mortgage was recorded by the clerk of the superior court and was ad-

mitted in evidence without objection that it was not so executed; and there being nothing in the record to show that it was not properly executed, the presumption is that it was.

3. The property on which Allgood & Company claimed that they had a mortgage was described in the mortgage as "two yoke of oxen known as the J. L. Kirk oxen." *Held:* (a) The mortgage sufficiently described the property to authorize its admission in evidence, and it was competent by extrinsic evidence to apply such description to the subject-matter. *Glover* v. *Newsome*, 132 *Ga.* 797 (65 S. E. 64); *Beaty* v. *Sears*, 132 *Ga.* 516 (64 S. E. 321). (b) In view of the entire charge, it was not error requiring a new trial for the court to charge the jury: "I charge you that if it appears in this case that the oxen mortgaged here, the four oxen, were known as the J. L. Kirk oxen, the evidence discloses that, then that is a sufficient description and would be a sufficient identification of the property to enable this court to deal with it and dispose of the money arising from the property."

4. Objection was made to a long excerpt from the charge: "Because it was not a clear statement of the law and is not the law of this case. It is error also because the same is confusing and does not state the principles of law applicable to the case so as the jury could understand them and pass upon them intelligently." Such objections are without merit where some of the parts of such excerpts were not subject to any of such exceptions. *Tarver* v. *Deppen*, 132 *Ga.* 798 (65 S. E. 177).

5. The charge referred to in the 5th ground of the amendment to the motion for a new trial was not subject to any of the objections offered; and the charge referred to in the 3d ground of such amendment, according to a note of the presiding judge, was given on account of an occurrence upon the trial which is not likely to be repeated on the next trial.                    *Judgment reversed. All the Justices concur.*

Decided February 16, 1910.

Equitable petition.    Before Judge Edwards.    Paulding superior court.    September 30, 1908.

*Griffith & Matthews,* for plaintiff in error.

*Mundy & Mundy,* contra.