## BLALOCK *v.* WELLS.

An execution based on a purchase-money note for land was levied, and the land was sold at sheriff's sale. At the sale the wife of the defendant in execution bid in the land at an amount in excess of the amount due on the execution. The execution was paid in full to the sheriff by the pur-

chaser, but the excess was not paid. The sheriff had in his hands, after the sale, another execution against the same defendant, which had not been levied on the land. The sheriff demanded of the purchaser the excess amount of money over the amount due on the first execution, in order to apply it to the second execution. On refusal of the purchaser to pay this excess amount, the sheriff readvertised the land under the first execution in order to recover such surplus. The purchaser filed her claim to the land, and on the trial introduced the bond for title, made by the vendor to the defendant in fi. fa., and transferred by the latter to her, and also testimony showing that the first execution under which the land had been sold had been paid in full by the claimant. At the conclusion of the evidence, on motion of the plaintiff in the second fi. fa., the court dismissed the claim. *Held,* that this was error.

(*a*) Whether the claimant's interest in the land would prevent the second fi. fa. from selling it is not for consideration. Nor is this a suit to recover the balance of the bid at the sale.

APRIL 23, 1914.

Claim. Before Judge Sheppard. Liberty superior court. May 21, 1913.

*H. H. Elders,* for plaintiff in error.

HILL, J. This is a levy and claim case. W. J. Wells sued J. H. Blalock and obtained judgment against him on a promissory note given for the purchase of a certain tract of land containing 153 acres, more or less. The vendor, Wells, at the time of the sale executed a bond for title to the land to the vendee, Blalock, who subsequently transferred the bond for title, before the judgment on the purchase-money note, to his wife, Maggie Blalock, the claimant. The bond and transfer were in evidence. The land in controversy was levied on under the fi. fa. in favor of Wells, and was advertised to be sold. At the sale the claimant bid in the land for the sum of $990. The total amount due on the Wells fi. fa. was $489.64. The defendant paid the sheriff the full amount due on the fi. fa., as the agent of his wife, and with her money, and gave his check for $500.36 as the difference between the amount of the fi. fa. and the bid at the sale. Before the check for the balance was paid, the defendant in fi. fa. ordered its payment stopped, which was done. The defendant demanded a deed from the sheriff to his wife, the claimant in this case, and who was the admitted purchaser at the sale. The sheriff executed the deed, but declined to deliver it until the balance of the bid at the sale was paid. This the defendant and his wife refused to do. In addition to the fi. fa. of Wells against Blalock, there was a fi. fa.

in favor of W. D. Sutton against him, but the deputy sheriff who sold the land knew nothing of this fi. fa. prior to the sale. On the failure of the purchaser to pay the difference of $500.36 to the sheriff, the latter readvertised the land for sale under the original fi. fa. of Wells against Blalock. This fi. fa. had been paid in full when the land was advertised under it the second time. Upon this levy, Maggie Blalock interposed her claim. Upon the trial of the claim case the foregoing facts, and others not necessary to mention here, were in evidence; and at the close of the evidence counsel for plaintiff in the Sutton fi. fa. moved to dismiss the claim, on the ground that the claimant was the bidder at the sale, and the property was knocked off to her, and she is now estopped from claiming the property, or from setting up any fact which tended to show the sale was in any wise illegal. The court passed an order dismissing the claim. To this order the claimant excepted.

The fi. fa. in this case, having been paid in full at the time of the second advertisement under it, was functus officio. It had performed its office. Dismissing the claim had the effect of leaving the settled fi. fa. to proceed and the land to be readvertised and sold, which could not be done. As it was paid in full, it was legally dead, and could perform no other service as to the sale of the land. It could not be used for the purpose of collecting the difference in the bid at the sale, so as to apply this difference to some other fi. fa. which had not been levied. There is nothing in the evidence to show that the Sutton fi. fa. had been levied on the land; and the Wells fi. fa. having been paid, no further advertisement and sale could be had under it. In *Wade* v. *Hamilton,* 30 *Ga.* 450, it was held: "The interest which will support a claim under our statute is any interest which renders the property not subject to the levying fi. fa. or attachment, or which is inconsistent with the plaintiff's right to proceed in selling the property." And see *Hurley* v. *Epps,* 69 *Ga.* 611; *Rowland* v. *Gregg,* 122 *Ga.* 819 (50 S. E. 949). Under the facts stated above, it was error to dismiss the claim. Whether the land could be subjected to the fi. fa. in favor of Sutton is not now before us for consideration. Nor is this a suit to recover the balance of the bid at the sale.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*