## In re COLEMAN & BROWN.

(District Court, S. D. Georgia.  July 12, 1923.)

1. **Chattel mortgages ⊜⇒60—Witnessing by official of mortgagee bank held not to affect validity.**

    That assistant cashier of Georgia bank to which chattel mortgage was given acted as official witness did not affect its validity where he owned no stock.

2. **Chattel mortgages ⊜⇒46—Must specify property covered.**

    A chattel mortgage must specify the property upon which it is to take effect.

3. **Chattel mortgages ⊜⇒47—Description need not render parol evidence unnecessary, but must itself contain data.**

    Description in chattel mortgage need not be so complete as not to require parol evidence, but mortgage itself must contain data which leads to definiteness when explained by parol, and, if it does not, parol evidence is not admissible to put in mortgage what is not there.

4. **Bankruptcy ⊜⇒172—Description of property as stock of merchandise held insufficient.**

    Georgia chattel mortgage describing property as mortgagor's stock of merchandise, consisting of dry goods, shoes, clothing, groceries, and hardware, amounting to $8,000, was not sufficiently definite as between mortgagee and mortgagor's trustee in bankruptcy holding lien under Bankruptcy Act § 47a(2), being Comp. St. §.9631.

In Bankruptcy.  In the matter of Coleman & Brown, bankrupts.  On petition for review of an order of the referee, allowing the claim of the Bank of Graymont as a secured claim.  Allowance disapproved, and claim allowed as unsecured claim.

Ulmer & Bright, of Savannah, Ga., for trustee.

Frank H. Saffold, of Swainsboro, Ga., for Bank of Graymont.

BARRETT, District Judge.  On July 19, 1920, Coleman & Brown executed to the Bank of Graymont a note and mortgage, of which the following is a copy of the material parts:

"$4,000.00.                                      Graymont, Ga., July 19, 1920.

"December first, 1920, after date we promise to pay Bank of Graymont or order four thousand and no/100 dollars payable at its office, for value received, with interest from date on the principal sum at the rate of eight per cent. per annum until paid.  *  *  *

        "Coleman & Brown, by R. L. Brown.

"Wit: A. L. Brown, N. P. E. Co., Ga.

"Georgia, Emanuel County.

"For the purpose of securing the aforesaid promissory note we, Willie O. Coleman and R. L. Brown, under the firm name of Coleman & Brown, of Emanuel county, do hereby sell and mortgage unto the said Bank of Graymont, their heirs and assigns, the following property, to wit, our stock of merchandise consisting of dry goods, shoes, clothing, groceries and hardware amounting to $8,000.00.  *  *  *

        "Coleman & Brown, by R. L. Brown.

"Wit: A. L. Brown, N. P. E. Co., Ga."

A. L. Brown was assistant cashier of the Bank of Graymont, but owned no stock at any time in the bank.

The mortgage was recorded in Emanuel county more than four months prior to the bankruptcy of Coleman & Brown. The mortgage was foreclosed before bankruptcy, but by agreement the stock of goods was taken possession of and sold by the trustee in bankruptcy, and the Bank of Graymont set up its claim of priority as mortgagee against the proceeds. One of the bankrupts, R. L. Brown, testified that the bankrupts had no other stock of goods than that at Graymont, and that the note was a renewal of a note which they were unable to pay.

[1] 1. The legality of the record of the mortgage is challenged on the ground that the assistant cashier of the mortgagee bank was not authorized to act as an official witness. This is decided adversely to such contention in the case of Citizens' Bank & Trust v. Butler, 152 Ga. 80, 108 S. E. 468.

2. The right to priority by the bank is challenged on the ground that the description of the property alleged to be mortgaged was insufficient, on account of indefiniteness.

[2] A mortgage is required to "specify * * * the property upon which it is to take effect." Unquestionably there is contradiction among the decisions as to what is a sufficient description. Some of this contradiction arises because at times the contest is between the mortgagor and mortgagee, and at other times between the mortgagee and a third party claiming as a lienor or as a purchaser for value. The description in this case would be good between the parties, but the issue is not between the parties, but between the mortgagee and the trustee, who, under the Bankruptcy Act, § 47a (2), being Comp. St. § 9631, holds a lien.

In the case of Reynolds v. Tifton Guano Co., 20 Ga. App. 49, 92 S. E. 389, the court, after holding that a mortgage which describes the property as "seven head of mules and horses" is "void as against one claiming the proceeds of sale thereof under a subsequently acquired lien by attachment," says:

"In such a case the sufficiency of the mortgage description is not governed by the rule which would obtain between the parties to the writing, but such a degree of definiteness is required as would be sufficient to impart record notice to third parties."

[3] There is no question that it is not necessary for the description to be so complete as not to require parol evidence, as, for instance, "all the crops on the Ball Place" (Crine v. Tifts & Co., 65 Ga. 644), where parol evidence was held admissible to show where the "Ball Place" was.

Again, where the description was "two yoke of oxen known as the J. L. Kirk oxen" (Reeves v. Allgood & Co., 133 Ga. 835, 67 S. E. 82), parol evidence was admissible to show what was the Kirk oxen. But this is true only when the mortgage itself contains data which leads to definiteness when it is explained by parol. If the mortgage has not data in itself which, by explanation, will lead to definiteness, parol evidence is not admissible to put in the mortgage what never had been placed there by the parties.

[4] Reliance is had especially upon the following Georgia cases: First National Bank v. Spicer, 10 Ga. App. 503, 73 S. E. 753; Kiser

& Co. v. Carrollton Dry Goods Co., 96 Ga. 760, 22 S. E. 303; Duke v. Neisler & Newsom, 134 Ga. 594, 68 S. E. 327, 137 Am. St. Rep. 250. In the Spicer Case, while there is no reference to ownership, there is this definite description of one particular piece of personal property, namely, "one mouse-colored mare mule, five years old." No such definiteness exists in the description, "Our stock of merchandise." In the Kiser & Co. Case the later mortgage contained a recital that the stock of goods was covered by a prior mortgage, and naturally it did not lie in the mouth of the later mortgagee to deny the existence of the mortgage, the existence of which was recited in the mortgage under which claim was made. In the Dukes Case the contest was between the mortgagor and mortgagee.

None of these cases are controlling.

On the other hand, practically the exact question was decided by Judge Speer in the case of Jaffrey v. Brown (C. C.) 29 Fed. 476, where the description was, "Our entire stock of dry goods, boots, shoes, hats, clothing, and notions, and such other goods as are usually kept in a first class country store," without any indication as to the whereabouts of the goods, or without any other language of identification, and it was held that the description was not sufficient. This case was cited with approval in the case of In re Petersen (D. C.) 252 Fed. 849, 851.

That these decisions of the federal court are amply sustained by the Georgia courts will be realized by a reading of the various pertinent cases cited under section 3257 of Park's Code of Georgia.

The opinion of the referee is disapproved, in so far as it holds that the description of the property was sufficient. The Bank of Graymont is permitted to participate as an unsecured creditor. but not as a mortgage creditor.