### 14251.  HICKS *v.* WALKER BROTHERS COMPANY.

BELL, J.  1.  In providing that a mortgage shall specify the property on which it is to take effect, the law does not require such a description as will serve to identify the property without the aid of parol evidence. *Thomas Furniture Co.* v. *T. & C. Co.,* 120 *Ga.* 879 (48 S. E. 333); *Nussbaum* v. *Waterman,* 9 *Ga. App.* 56 (2) (70 S. E. 259).

2. Where a fi. fa. is issued upon the foreclosure of a duly attested and properly recorded mortgage on a motor-vehicle, described as "One 1½ ton Kissel truck," and a claim to the property is interposed by one who has subsequently purchased *directly from the mortgagor,* and especially where it is inferable from the evidence that the mortgagor had but one such truck, it is error in the trial of the claim case to exclude the mortgage from evidence, upon the ground that the record, by reason of the indefinite description of the property, is insufficient to put the purchaser upon notice or inquiry. *Lamar* v. *Coleman,* 88 *Ga.* 417 (2) (14 S. E. 608); *Beaty* v. *Sears,* 132 *Ga.* 516 (1) (64 S. E. 321); *Nichols* v. *Hampton,* 46 *Ga.* 253 (3); *Farkas* v. *Duncan,* 94 *Ga.* 27 (20 S. E. 267); *Kiser* v. *Carrollton Co.,* 96 *Ga.* 760 (22 S. E. 303); *Thomas Furniture Co.* v. *T. & C. Co.,* supra; *Reeves* v. *Allgood,* 133 *Ga.* 835 (3) (67 S. E. 82); *Reynolds* v. *Jones,* 7 *Ga. App.* 123 (66 S. E. 395) *Nussbaum* v. *Waterman,* supra; *First National Bank* v. *Spicer,* 10 *Ga. App.* 503 (1) (73 S. E. 753).

(a) This decision, if in conflict with anything ruled in *Milner Banking Co.* v. *Adair,* 18 *Ga. App.* 575 (90 S. E. 170), is controlled by the Su-

preme Court decisions and the earlier decisions of this court above cited. It is clearly distinguishable from *Ellis* v. *Lynch*, 28 *Ga. App.* 529 (1) (112 S. E. 151), in which it is disclosed by the record that the defendant did not purchase from the vendee in the conditional sale, but acquired the property after two other transfers.

(b) In the case at bar there were four major descriptive elements: (1) a motor-vehicle, (2) a truck, (3) Kissel make, (4) size or capacity. Compare *Beaty* v. *Sears*, 132 *Ga.* 516 (64 S. E. 321); *Reeves* v. *Allgood*, 133 *Ga.* 835 (67 S. E. 82). Where, in addition, the inference was warranted, from the evidence, that the mortgagor had but one such truck, the mortgage was admissible in evidence upon the trial of the claim filed by one purchasing directly from the mortgagor.

3. In view of the above, the judge of the superior court should have sustained the certiorari instituted by the plaintiff in the mortgage fi. fa. to the judgment of the municipal court in favor of the claimant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923.

Certiorari; from Fulton superior court—Judge Humphries. November 7, 1922.

*R. R. Jackson, John F. Echols,* for plaintiff.

*D. K. Johnston,* contra.