## 17049.  SMITH v. SIMMONS, receiver.

STEPHENS, J.  1. Irrespective of a recital of locality in the caption of a
written instrument, the instrument, in the absence of proof otherwise,
was presumably executed in the county of the official witness attesting
it.  Ga. L. 1918, p. 209; Park's Code Supp., § 4202(a).  A retention-
of-title contract attested by a person described as a commercial notary
public of Laurens county, Georgia, although the caption of the instru-
ment indicates that it was executed in a town in Washington county,

---

Evidence, 22 C. J. p. 106, n. 29 New.
Sales, 35 Cyc. p. 662, n. 85; p. 688, n. 53, 57; p. 709, n. 41.

Georgia, is presumably officially executed in Laurens county, Georgia. It nevertheless is legally entitled to record in Washington county, Georgia, the residence of the maker. Civil Code (1910), § 3307. The record of the instrument constituted constructive notice of its contents in another county of the State even after the maker has moved out of Washington county and carried with him the property which was the subject-matter of the instrument.

2. A retention-of-title contract which described the property to which title was retained as "17 head of mules, the same being purchased from the said H. L. Jenkins estate," was sufficient to give notice to third persons of the property to which title was retained. *Thomas Furniture Co.* v. *T. & C. Co.*, 120 *Ga.* 879 (48 S. E. 333); *Nichols* v. *Hampton*, 46 *Ga.* 253.

3. This being a suit in trover by one representing the deceased vendor of the mules described in the retention-of-title contract against one who purchased the mules from the vendee under that contract, the evidence of the defendant to the effect that before purchasing the mules from the original vendee he made inquiry of the plaintiff as to the vendee's mules, but did not specify any particular mules, and that the plaintiff told him that the vendee owned some mules, and that, "from the way he [the plaintiff] talked, he had a retention title to the mules," is insufficient to authorize an inference that the plaintiff admitted to the defendant that the mules sued for and described in the retention-of-title contract belonged to the original vendee, and that the vendor, represented by the plaintiff, had no title thereto.

4. The evidence demanded the verdict directed for the plaintiff, and the court did not err as set out in any of the grounds of the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MAY 14, 1926.

Trover; from Johnson superior court—Judge Camp. November 27, 1925.

*J. Roy Rowland, J. L. Kent,* for plaintiff in error.