Decided January 24, 1930.

*M. C. Few,* for plaintiff.
*Q. L. Williford, E. R. Lambert,* for defendant.

19775. PINSON-BRUNSON MOTOR COMPANY *v.*
BANK OF DANIELSVILLE *et al.*

Decided January 24, 1930.

*Rupert A. Brown,* for plaintiff. *Berry T. Moseley,* for defendant.

BELL, J. (After stating the foregoing facts.) It is insisted in behalf of the plaintiff in error that the recitals of fact in the judge's order refusing a new trial were unauthorized and improper, and

that this court should look only to the pleadings and the brief of evidence for the purpose of ascertaining the facts upon which the case was tried. We do not think it necessary to pass upon this contention. Assuming, without deciding, that the approved brief of evidence was not conclusive, but was subject to be varied or supplemented in the manner stated, we are still of the opinion that it was error to refuse a new trial.

Even though the truck described in each instrument was one and the same vehicle, the question, under the record, is whether the description as given in the mortgage to the bank, though materially incorrect as to the motor number, was sufficient, as a matter of law, to impart notice to a subsequent purchaser or mortgagee. Whether the record might have been sufficient for this purpose as a matter of fact, we think it was not so as a matter of law, and are therefore of the opinion that the court erred in directing the verdict in favor of the bank.

In plain cases the question of whether the description in a mortgage is so accurate and complete that the record will impart notice is one of law for the court, but, as was said by the Supreme Court in *Farkas* v. *Duncan,* 94 *Ga.* 27, 30 (20 S. E. 267), "In cases of doubt, the matter should be left to the jury for determination in the light of all the facts and circumstances."

The motor number of the same make and model is perhaps the most important element in the description of motor cars, and the incorrectness of the number stated in the mortgage held by the bank was so misleading as to have authorized a finding in favor of the motor company on the question of notice, in view of the general language used in the other parts of the description.

A number of cases have been cited by counsel for the defendant in error as supporting the court's action in directing the verdict, but each of these cases, we think, should be distinguished from the one at bar. In *Lamar* v. *Coleman,* 88 *Ga.* 417 (2) (14 S. E. 608), the Supreme Court held that the description of an engine as "one horizontal-mounted six-horse power Farquhar engine" was sufficient though the engine was in fact one of five-horse power, where the mortgagor had at the time only one engine; but, as appears, the fact that the mortgagor owned but one engine was an important element in that case, and even the court did not as a *matter of law* decide any question as to the sufficiency of the record to impart

notice to a subsequent purchaser. Under the assignments, the effect of the holding was simply that the evidence authorized the verdict. In *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (2) (48 S. E. 333), the question for decision by the Supreme Court was raised by exceptions to a nonsuit, so that the matter for determination in that case was whether the plaintiff in error was entitled to go to the jury; nor was there any ruling either in *Bealy* v. *Sears*, 132 *Ga.* 516 (1 a) (64 S. E. 321), or in *Reeves* v. *Allgood*, 133 *Ga.* 835 (3) (67 S. E. 82), as to whether the description in the mortgage was sufficient to put a subsequent purchaser or mortgagee on notice of the prior mortgage as a matter of law. The same is also true of the decision in *Mays* v. *Haynes*, 141 *Ga.* 641 (81 S. E. 853).

In *Reynolds* v. *Jones*, 7 *Ga. App.* 123 (66 S. E. 395), the question was one as to the identity of the property, the claimant contending that the property was an entirely different subject-matter from that described in the mortgage, and that he had not purchased from the mortgagor, but from another person not in privity with him.

It may be that in some of the cases above mentioned the court could have ruled as a matter of law upon the question of notice if the exceptions had presented such question; and especially is this true of the case of *A. S. Thomas Furniture Co.* v. *T. & C. Furniture Co.*, supra; but the point is, none of these cases contained such a ruling, and hence they are not necessarily to be taken as authority in the case now under consideration. Compare *Smith* v. *Simmons*, 35 *Ga. App.* 427 (2) (133 S. E. 312).

The ruling by this court in *Hicks* v. *Walker Brothers Co.*, 31 *Ga. App.* 395 (2) (120 S. E. 694), was that the court erred in excluding the mortgage upon the ground that the record, by reason of the indefinite description of the property, was insufficient to put the purchaser upon notice or inquiry. This was not to hold that a jury might not have found as a matter of fact that the record was insufficient for that purpose. Our adjudication merely reversed the ruling of the trial judge in which he decided the question absolutely without submitting it to a jury.

The decisions in *First National Bank* v. *Spicer*, 10 *Ga. App.* 503 (73 S. E. 753), and *Rountree* v. *Crisman*, 20 *Ga. App.* 815 (93 S. E. 511), each held that the property was described with such

accuracy and fullness as to leave no issue of fact as to the sufficiency of the record as notice. Whether these cases went too far in holding that there was no material lack of description, it is yet true that in neither of them was there a positive misdescription such as appears in the present case.

A description which is partially untrue does not render the mortgage void, if the part which is correct does not apply generally to other like property and reasonably identifies the property in controversy; but where the part of the description that is true is not so distinctive as reasonably to identify the property mortgaged, a purchaser may be justified in assuming that the property is not covered by the mortgage. Jones on Chattel Mortgages (5th ed.), p. 109, § 63, and cit.

In view of the testimony of the sheriff, considered in connection with the documentary evidence introduced by the motor company, it was inferable that the truck was correctly and accurately described in the paper held by the motor company, and thus that the error in description was in the mortgage to the bank. The sheriff testified that the truck levied on was the only one which the mortgagor had had for some time, but there was nothing to show that the mortgagor had only the one truck at the time he executed the mortgage to the bank, nor were there any other facts to illustrate the question of notice.

As between a purchaser and the plaintiff in a prior judgment which was not followed by a duly recorded execution, the burden is upon the purchaser to prove that he acted in good faith and without notice in the transaction, in order to relieve the property from the lien of the judgment. *Eason* v. *Vandiver,* 108 *Ga.* 109 (33 S. E. 873); *Ray* v. *Atlanta Trust & Banking Co.,* 147 *Ga.* 265 (6) (93 S. E. 418). These decisions were based upon the provisions of section 3321 of the Civil Code of 1910. The language of section 3260 as to consequences of a failure to record a mortgage is somewhat different, and so it has been held that the burden is on the holder of a senior unrecorded mortgage to show actual notice to a subsequent mortgagee. Lewis *v.* Jones, 232 Fed. 100. See also 41 C. J. 552, 554, 557. Thus, we will not hold in this case that the verdict against the motor company was demanded because this party did not show affirmatively that it acted in good faith and with notice in taking the second mortgage.

There was no error in admitting the bank's mortgage and execution in evidence, since the admission of these documents did not amount to a holding that the record of the mortgage was as a matter of law sufficient to charge the motor company as a subsequent mortgagee with notice of the prior mortgage, nor that the bank was entitled to recover; but it was error for the court to follow the same by a peremptory direction in the bank's favor. Obviously the assignments of error call for no decision as to whether the evidence would have authorized a finding in favor of the bank at the hands of the jury, and our ruling is simply that such a finding was not demanded, irrespective of whether it would have been authorized under the evidence. The case is really controlled by the decision in *Farkas* v. *Duncan,* supra.

In what we have said above we have not overlooked the statement in the order of the trial judge to the effect that the instrument held by the motor company was not a mortgage but was a conditional bill of sale. If the truck was one and the same truck, the mortgagor must, after making the mortgage to the bank, have sold the property to some one, who sold it to the motor company, who in turn resold it to the mortgagor; so that it is immaterial whether the claim of the motor company was based upon a mortgage or a conditional sale. See, in this connection, *Brooks* v. *Folds,* 33 *Ga. App.* 409 (126 S. E. 554); *Shearer* v. *Housch,* 32 *Ga. App.* 663 (2) (124 S. E. 356).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*