25421. PARADIES & RICH *v.* WARREN COMPANY INC.

JENKINS, P. J. 1. It is well settled that the rule requiring that a mortgage or conditional bill of sale shall specify the property on which it is to take effect does not require that the description shall serve to identify it without the aid of parol evidence, where the instrument indicates within itself some method by which the description, with the aid of extrinsic evidence, can be defined and limited. *Stevens Hardware Co.* v. *Bank of Byromville,* 34 *Ga. App.* 268 (2) (129 S. E. 172), and cit. Thus, where an instrument, although describing articles mortgaged or conditionally sold too generally to identify them by the description alone from others of the same kind, also contains words identifying or distinguishing the property as that then sold or delivered to the debtor or purchased by him, this is generally sufficient to afford notice to third persons, and to authorize the admission of parol testimony completing the identification. *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879 (48 S. E. 333); *Star Laundry Co.* v. *May Dry Cleaning Co.,* 176 *Ga.* 34, 40 (166 S. E. 655); *Nichols* v. *Hampton,* 46 *Ga.* 253 (2), 256; *Smith* v. *Simmons,* 35 *Ga. App.* 427 (2) (133 S. E. 312); *Pinson-Brunson Motor Co.* v. *Bank of Danielsville,* 40 *Ga. App.* 793, 796-798 (151 S. E. 549). Accordingly, the court did not err in overruling the general grounds of the motion for new trial by the plaintiff in execution from a judgment in favor of a vendor as claimant under a recorded conditional-sale contract, or in overruling the special grounds, excepting to the admission of the written contract and parol evidence identifying the property described therein, where the instrument was signed by the vendee, and not only described the property as "Serial No. 5888—Complete outfit of market equipment—manufactured by" the named vendor, but also recited that the vendee "this [date] purchased and acknowledged delivery from" the named vendor of such property. The fact that the serial number was not on the articles themselves was not vital. Not only did the parol testimony sufficiently identify the property claimed as that covered by the condi-

458

tional sale, but it showed that the vendee himself, at or about the time of the purchase, when the articles were being installed, informed the plaintiff in execution that he had purchased them from the vendor, and the vendee later informed such plaintiff that part of the purchase-price was unpaid.

2. The motion for new trial as amended attacking merely the finding and judgment of the judge without a jury, which expressly only sustained the claim as filed, without finding against the levy, questions raised in the brief of counsel that the levy covered property which was not included in the claim, or that the claimant obtained possession of property not covered by its claim, are not presented by the record and are not before this court for determination.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 9, 1936.

*Noah J. Stone, Benton E. Gaines, John L. Cone,* for plaintiffs.
*A. A. Baumslark, Paul Ginsberg,* for defendant.