## 26026. STEWART *v.* CAYE & COMPANY.

DECIDED APRIL 7, 1937.

*Roland Neeson, Roy S. Drennan,* for plaintiff in error.
*Charles W. Bergman,* contra.

BROYLES, C. J. W. C. Caye & Company foreclosed a conditional-sale contract on certain personal property to which title had been retained by W. C. Caye & Company, the vendor. Walter B. Stewart, the vendee and the defendant in the foreclosure proceedings, filed a motion to dismiss the case, on the ground that "said title-retention contract is void, because the property therein described is not sufficiently definite in the description," and because "the property described as having been levied upon is too vague, indefinite, and uncertain to be the basis of a valid levy." The motion to dismiss was overruled, and on this ruling the defendant assigns error.

The conditional-sale contract describes the property as "One 6-ton Huber, 3-wheel, motor-roller, complete with 50-gallon tank water attachment." The contract also shows the price of the property and where it was to be delivered. The levy describes the

property as "One 6-ton Huber, 3-wheel motor-roller, complete with 50-gallon tank water attachment, model 6T, serial No. 5029, engine model H 260, serial 219677." "It is well settled that the rule requiring that a mortgage or conditional bill of sale shall specify the property on which it is to take effect does not require that the description shall serve to identify it without the aid of parol evidence, where the instrument indicates within itself some method by which the description, with the aid of extrinsic evidence, can be defined and limited." *Paradies & Rich* v. *Warren Co.*, 53 *Ga. App.* 457 (186 S. E. 438); *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333); *Lamar* v. *Coleman*, 88 *Ga.* 417 (2) (14 S. E. 608); *Star Laundry Co.* v. *May Dry-Cleaning Co.*, 176 *Ga.* 34 (2) (166 S. E. 655). The conditional-sale contract in the instant case shows, in addition to the description above set out, that the agreed price of the motor-roller was $3030, and that it was the one sold by plaintiff to the defendant, which supplements the description (*Nichols* v. *Hampton*, 46 *Ga.* 253 (3), 256; *Smith* v. *Simmons*, 35 *Ga. App.* 427 (2), 133 S. E. 212), and the conditional-sale contract, in connection with the foreclosure proceedings, shows that the issue was *between the original parties to the contract.* In *Reynolds* v. *Tifton Guano Co.*, 20 *Ga. App.* 49 (92 S. E. 389), cited by plaintiff in error, the description in the mortgage was held to be insufficient; but the description was much more indefinite than that in the instant case, and the issue in that case was not between the original parties to the writing, but involved a third party; and this court held (headnote 2): "In such a case the sufficiency of the mortgage description is not governed by the rule which would obtain between the parties to the writing." The court did not err in overruling the motion to dismiss based on the ground that the description of the property was insufficient; particularly so since the issue was between the original parties to the writing, and no innocent third party was involved.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*