429 P.2d 455

**CONSOLIDATED CREDIT CORPORATION and Colorado Kenworth Company, Appellants,**

v.

**John LAURENCE, dba the Laurence Company, Appellee.**

**No. I CA–CIV 2I7.**

Court of Appeals of Arizona.

June 29, 1967.

Rehearing Denied July 31, 1967.
Review Denied Oct. 13, 1967.

Gust, Rosenfeld & Divelbess, by Richard A. Segal, Phoenix, for appellants.

Willoughby & Slaughter, by Stuart C. Willoughby, Willcox, for appellee.

PORTER MURRY, Judge of the Superior Court.

Appellee, John Laurence, dba Laurence Company, hereinafter called plaintiff, on March 27, 1961, in the Superior Court of Cochise County, Arizona, took judgment against C. M. Dressel and Leota Dressel, his wife.

Thereafter, on May 23, 1961, a writ of execution was issued by the Clerk of the Cochise County Superior Court and delivered to the Sheriff of Maricopa County. On the same day, pursuant to said writ of execution, the sheriff levied upon two transport semi-trailers and two Kenworth tractors owned by C. M. Dressel and Leota Dressel.

On June 2, 1961, appellants, Consolidated Credit Corporation and Colorado Kenworth Company, referred to in this opinion as defendants one and two, filed with the sheriff their Third Party Claim to property levied upon, together with the required bonds. The two transport semi-trailers were then released to Defendant one and the two Kenworth truck trailers were released to Defendant two.

On September 28, 1961, pursuant to Title 12, Chapter 8, Article 13 of the Arizona Revised Statutes, the Superior Court entered its direction of issue, and the parties to this action thereafter filed their pleadings bringing this matter to issue. The action was tried by the Court sitting without a jury which granted judgment to the Plaintiff and against the Defendants. From this judgment the Defendants appeal.

The action was a trial of title to personal property under levy, a statutory proceeding governed by A.R.S. § 12–1331 et seq. The defendants claimed property which had been levied upon by plaintiff while executing the above judgment he held against C. M. Dressel.

The issues involved are: 1. The identification of the property subject to levy. 2. The nature of defendants' interests in the property, and 3. The actual or constructive notice to plaintiff of defendants' interests; the question of priorities of liens—one a domestic execution lien and the others foreign instrument liens.

The lower court held (1) That the vehicles levied upon were not, in fact, the vehicles upon which the defendants claimed their liens, (2) The liens claimed by defendants were not entitled to priority over the plaintiff's Arizona execution lien, and (3) Plaintiff was not chargeable with notice of any liens claimed by Defendants upon the vehicles levied upon. It is from these holdings and upon these issues that Defendants appeal.

On May 3, 1960, one Calvin M. Dressel, a resident of Sterling, Logan County, Colorado, purchased from Colorado Kenworth Company of Denver, Colorado, a 1952 Kenworth Truck tractor, Model CD825C, serial number 61811, motor number 133743, and a

1951 Kenworth Truck tractor, Model 825, serial number 60487, motor number 132021. Colorado Kenworth Company took as security for payments of the balance a chattel mortage on the two truck tractors. At the time of levy of plaintiff's writ of execution Truck Acceptance Corporation was the holder of said chattel mortage.

The same Calvin M. Dressel, on May 6, 1960, purchased from Lincoln Sales & Service, Inc., Cedar Rapids, Iowa, a 1960 Transport Semi-trailer (Grain), Model GRX-38, Serial Number 4025, and a 1960 Transport Semi-trailer (Grain), Model GRX-38, Serial Number 4026, by conditional sale contract thereon, and the contract was assigned to Consolidated Credit Corporation. At the time of the assignment of the conditional sale contract to it, Consolidated Credit Corporation knew that Calvin M. Dressel resided in the State of Colorado and intended to take the two trailers there but did not file or record its conditional sale contract in the State of Colorado.

Not later than August 9, 1960, Calvin M. Dressel moved to Arizona, and Consolidated Credit Corporation was aware that he resided in Arizona from and after August 9, 1960, and Colorado Kenworth Company was aware that he resided in Arizona from and after October 27, 1960, and knew his Arizona address at some time between said date and the time of the levy of plaintiff's writ of execution. Neither defendant ever filed or recorded their liens in accordance with Arizona law.

After moving to Arizona, Calvin M. Dressel began buying grain from plaintiff at his two places of business in Willcox, picking up the grain at both places of business with two or more truck tractors and grain trailers but never with more than two at a time. Sometimes Dressel himself would be driving one of the truck tractors and at other times other drivers would be driving the one or two truck tractors that would appear at a time. The vehicles were similar in appearance and could not be distinguished by plaintiff, and the truck tractors had the name "C. M. Dressel" painted on their fuel tanks. Plaintiff was unable to tell if there were more than two truck tractors and trailers being used by Calvin M. Dressel.

C. M. Dressel failed to pay plaintiff for all of the grain purchased from him, and plaintiff took an Arizona judgment against him. Plaintiff searched for Dressel or assets with which to satisfy the judgment, and one of his employees told him he thought the vehicles bore Colorado plates. Plaintiff searched the records of the Arizona Motor Vehicle Division but found no record of the vehicles he had seen in Willcox nor of the liens claimed by defendants, but he had no identification numbers to assist him in making the search.

Through an anonymous phone call plaintiff learned that Calvin M. Dressel had purchased some vehicles from Colorado Kenworth Company. He placed a call to that company and talked to C. A. Carletti, Jr., credit manager of the company. Upon inquiring if Carletti knew the whereabouts of Dressel, plaintiff received a negative reply. He advised Carletti that he was a creditor of Dressel looking for assets. Carletti advised him that his company had sold Dressel two truck tractors and carried a balance on them. He gave plaintiff the sale price and balance. The only description of the vehicles given plaintiff was that they were 1951 and 1952 Kenworth truck tractors. Plaintiff's request for serial numbers was refused by Carletti. (Carletti claimed to have given plaintiff the color and cab style, and the serial numbers, he believed.) Plaintiff inquired about taking over the two trucks on which the company claimed its lien and was advised by Carletti that this might be possible, subject to a favorable credit report. In some manner—the evidence does not show how—plaintiff also was made aware of Dressel's purchase of the two grain trailers, and a phone conversation with Charles M. Smith of that company (Consolidated Credit Corporation) followed. The conversation was similar to that with Carletti, and again serial numbers were not furnished. Plaintiff learned only that the

vehicles upon which that company claimed its liens were two grain trailers. Plaintiff understood that the defendants and he would cooperate with each other in attempting to locate C. M. Dressel or any of his vehicles. At least two, and possibly three more phone conversations followed in which plaintiff inquired if Carletti had located Dressel or his vehicles, and he was advised that he had not.

On May 23, 1961, in support of plaintiff's judgment against Calvin M. Dressel, the Sheriff of Maricopa County, Arizona, levied upon the following vehicles:

One Kenworth Tractor, Colorado Lic UG 172, 1961
Tab A802393
One Transport Trailer, Lic UG 404, 1961
Tab C83748
One Kenworth Tractor, Lic UG 179, 1961
Tab A802397
One Transport Trailer, Lic UG 412, 1961
Tab C83752

The next day, May 24, 1961, pursuant to his agreement to call defendants if he located Dressel or any of his vehicles, plaintiff called the defendants. He advised them that he had levied upon vehicles owned by C. M. Dressel and asked if he could take over the payments on them if they were the vehicles upon which defendants claimed their liens. Carletti advised him that this would be impossible inasmuch as a sale of the vehicles upon which defendants claimed liens had already been arranged with Elmo D. Dressel, brother of C. M. Dressel. The evidence does not reveal what took place in the phone conversation with Charles M. Smith of Consolidated Credit Corporation excepting that it was generally the same as the conversation with Carletti.

One June 2, 1961, both defendants filed their third party claims and bonds with the Maricopa County Sheriff, and the evidence does not show what became of the vehicles levied upon after that time.

Less than two weeks after the plaintiff's writ of execution was levied Calvin M. Dressel returned to Colorado and made a series of powers of attorney, and his attorney-in-fact at once signed over the certificates of title of the vehicles upon which defendants claimed their liens to Elmo D. Dressel. Truck Acceptance Corporation thereupon released its lien upon the two truck tractors, and Consolidated Credit Corporation released its lien upon the two trailers. Elmo Dressel sent drivers to Arizona who returned to Colorado with two truck tractors and trailers bearing license plates and tabs issued to totally different vehicles from those upon which defendants claimed their liens. The evidence does not show where they were picked up in Arizona or which truck tractors and trailers they were. Both Elmo Dressel and Carletti admit that their serial numbers were never checked against those shown upon the lien instruments.

After levy of his writ of execution plaintiff later checked with the Motor Vehicle Division of the State of Colorado concerning the two truck tractors upon which Colorado Kenworth Company claimed its lien and was advised that they had no record of the vehicles or of the lien. Plaintiff also checked the records of the Logan County Clerk's Office with competent assistance and found no record of the lien claimed by Consolidated Credit Corporation.

The trial court held as a fact that, "The vehicles levied upon under said writ of execution were not the vehicles upon which defendants claimed liens."

With this finding the defendants take exception. After a careful reading of the transcript we are inclined to agree with the court below.

■ The defendants had the burden of proof in the court below. (A.R.S. § 12–1338.)

■ If there was any substantial evidence to support the trial court's finding that the vehicles levied upon were not the vehicles upon which defendants claimed liens, this court will affirm. This court will view the evidence and the lawful inferences to be drawn from the evidence in the light most favorable to supporting the findings of the

trial judge, Smith v. Connor, 87 Ariz. 6, 347 P.2d 568 (1959); Almada v. Ruelas, 96 Ariz. 155, 393 P.2d 254 (1964).

 We are of the opinion the evidence permits the finding of the trial judge that the defendants did not bear their burden in proving that the vehicles levied upon were the same as those that the defendants had liens upon.

Defendants have cited authority that the lack of a serial number is not fatal, 47 Am. Jur. Sales § 861, where there is other substantial evidence of a descriptive nature, i.e., 1. A motor vehicle, 2. A truck, 3. Make of vehicle, 4. Size or capacity-inference that mortgagor had but one such truck. Hicks v. Walker Brothers Co., 31 Ga.App. 395, 120 S.E. 694 (1923); Peek v. Wachovia Bank & Trust Co., 242 N.C. 1, 86 S.E.2d 745 (1955). With this, we agree. The identity must be determined by examination of all the evidence.

It is noted in the case at bar the serial numbers of the vehicles could not be tied to them through the license plates since those plates had been issued for entirely different vehicles. The identification numbers of the vehicles levied upon were never compared or checked against those upon the lien instruments—nor were those of the vehicles the drivers returned with from Arizona.

There was considerable evidence presented upon which the lower court could have based a decision in favor of the defendants, but, in view of what we have herein stated, there seems no necessity to burden this opinion with a recital of such testimony:

> "Our duty, on appeal, begins and ends with the inquiry whether the trial court had before it evidence upon which an unprejudiced mind might reasonably have reached the same conclusion which was reached." Murillo v. Hernandez, 79 Ariz. 1, 281 P.2d 786 (1955), Almada v. Ruelas, supra.

In view of our disposition of this issue it is obvious that it is not necessary to discuss defendants' other contentions. They are all based on the premise that the vehicles levied upon were the same as those upon which defendant claimed liens.

Affirmed.

CAMERON, C. J., and STEVENS, J., concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter Judge PORTER MURRY was called to sit in his stead and participate in the determination of this decision.